[No. 6,529.—In Bank.]

## IN THE MATTER OF A. B. HOTCHKISS.

Removal of Attorney.—An accusation to remove an attorney under § 291 of the Code of Civil Procedure, signed by C. and P., was verified by the affidavit made upon information and belief of H., without explanation why it was not made by one of the informants. *Held*, that the verification was insufficient.

Appeal from a judgment disbarring the appellant rendered upon the overruling of the demurrer in the Eighteenth District Court, County of San Diego. McNealy, J.

*J. S. Chapman, Wallace Leach, A. Brunson, J. G. Eastman, J. A. Graves,* and *Frank Ganahl,* for Appellant, cited the Code of Civil Procedure, §§ 291, 446.

*N. H. Conklin, E. Parker,* and *Levi Chase,* for Respondents.

The form provided by statute for the verification of pleadings in civil actions is sufficient. It is a substantial compliance with the statute. (*Kirk* v. *Rhoades,* 46 Cal. 398.)

McKinstry, J.:

These are proceedings to "remove" an attorney-at-law. Section 291 of the Code of Civil Procedure provides, that, when the proceedings are not initiated by the Court of its own motion, but are commenced at the instance of another person, the "accusation" must be verified by oath "to the effect that the charges therein contained are true." Section 446 requires: "Where a *pleading* is verified, it must be by the affidavit of a party, unless the parties are absent from the county where the attorney resides, or from some cause unable to verify it, or the facts are within the knowledge of his attorney or other person verifying the same. When the pleading is verified by the attorney, or any other person except one of the parties, he must set forth in the affidavit the reason why it is not made by one of the parties."

Even if it be admitted that the sufficiency of the verification in a case like the present is to be tested by § 446 of the Code of Civil Procedure—so far as the same is applicable—still the verification of the present "accusation" is insufficient in form and substance.

The accusation is signed by N. H. Conklin and E. Parker, who, throughout it, style themselves "informants," and all the allegations of acts on the part of the appellant involving moral turpitude are "upon information" of the informants. The verification of the original accusation—the affidavit attached to the amendment is like it—is as follows:

"State of California,  }
    County of San Diego.  } ss.

"Will J. Hunsaker, being duly sworn, says that he has read the foregoing information, and knows the contents thereof,

and the same is true of his own knowledge except as to the matters therein stated on information and belief, and as to those matters he believes them to be true.

" W. J. Hunsaker."

It appears from the foregoing that N. H. Conklin and E. Parker declared that they had information which induced them to believe that certain facts existed, and Hunsaker swore that he believed the facts to exist because the others had declared they had such information. Certainly there is no pretense in the accusation or affidavit that Hunsaker had any information on the subject except such as might be derived from the recitals in the accusation. For aught that appears any one else who had confidence in Conklin and Parker could have made the affidavit which was made by Hunsaker.

If the informants are parties to the proceedings, within the meaning of § 446 of the Code of Civil Procedure, one of them should have verified the accusation. If the "imformants" are not parties within the meaning of that section, Hunsaker is not a party, nor the attorney for the real party, and the affidavit does not affirm that the facts are within his knowledge, nor set forth any other reason why he makes it. Yet this is required by § 446 of the Code of Civil Procedure. This objection is not merely technical, since the Legislature clearly intended that the "accusation" must be made by one who has at least some information on which he bases his charges. If the proceedings are upon the information of another the accusation must be in writing and must be verified. (Code Civ. Proc., §§ 290, 291.)

The verification was specially objected to, and the objection should have been sustained by the Court below.

Judgment reversed and cause remanded.

Morrison, C. J., Thornton, J., Sharpstein, J., McKee, J., and Ross, J., concurred.