THE PEOPLE, EX REL. ALBERT PAGEL, PETITIONERS, v.
GRANVILLE PENDLETON, RESPONDENT.

DISBARMENT — QUANTUM OF PROOF. — A judgment of disbarment should be pronounced only upon clear and convincing evidence, and this rule is pre-eminently appropriate where, as in this case, the offense charged is cognizable by the criminal code.

*Original Proceeding in this Court.*

Mr. J. H. MAUPIN, attorney-general, for petitioners.

Mr. HARVEY RIDDELL, for respondent.

PER CURIAM. The petition charges Granville Pendleton, who is a duly licensed attorney at law in this state, with having collected in his official capacity as such attorney, and wrongfully appropriated, a certain sum of money. The col-

lection of the money is admitted by respondent, but he asserts that he duly accounted for and paid over the same to relator. To show such accounting and payment respondent relies largely upon a certain receipt representing two payments of $55 and $35 respectively, figures alone being employed in stating the amounts. While acknowledging his signature thereto, relator denies receiving any portion of the money therein described, save and except $10. He contends that the two amounts of $55 and $35 mentioned in said receipt are, as to all save $10, a forgery; the forgery being perpetrated by inserting, after his signature was attached, the figures 5 and 3 before the figures 5 and 5 respectively in said receipt.

The success or failure of the proceeding for disbarment rests largely upon the charge of forgery. Touching this specific charge and the general issue of payment, witnesses were produced and examined in open court.

The principal object of disbarment proceedings is to purify the legal profession. But the judgment of disbarment may entail disastrous consequences upon the individual himself. We think such a judgment should only be pronounced upon clear and convincing proofs. This view is pre-eminently appropriate where, as in the present case, the judgment is based upon a charge and tried upon an issue cognizable under the criminal code. After careful consideration of the evidence we cannot say that the charge of forgery in connection with the receipt, or the general allegation of a wrongful appropriation of money, is thus established. This being true, the prosecution fails and the proceeding against respondent must be dismissed.

Mr. Justice Elliott, dissenting as to the findings of fact.

I agree with my associates as to the kind and quantum of evidence requisite to warrant a judgmemt of disbarment where, as in a case of this kind, the charge against the respondent involves a distinct and specific criminal offense.

In this proceeding the members of the court have had to

bear the double responsibilities of judges and jurors. The witnesses have all been examined orally in our presence. The relator Pagel is of German nationality and unfamiliar with our language. Upon careful consideration of the evidence, I am thoroughly satisfied that of the sum of $103 collected by respondent for relator, respondent paid over to relator only the sum of $15, that at the time of procuring the receipt in question respondent had paid over to relator only the sum of $10, and that the receipt is false to the extent of $80. In my opinion the charge against respondent has been sustained by clear and convincing evidence. I must, therefore, respectfully dissent from the findings of the majority of the court as to the facts in controversy.

*Proceeding dismissed.*