[No. 21102.   In Bank.—May 16, 1894.]

IN THE MATTER OF THE APPLICATION OF H. A. MC-
CRANEY FOR THE DISBARMENT OF RODNEY J.
HUDSON

DISBARMENT OF ATTORNEY—ACCUSATION UPON INFORMATION AND BELIEF
—AFFIDAVIT OF INFORMER—INSUFFICIENT VERIFICATION.—An accusa-
tion for the removal of an attorney or counselor must be verified by the
oath of some person, to the effect that the charges therein contained are
true; and an accusation, merely upon information and belief, that is not
supported by the affidavit of the informant, is insufficient; nor is such
an accusation sufficiently verified, by stating that the same is true of the
affiant's knowledge, except as to the matters therein stated on informa-
tion and belief, and as to those matters he believes it to be true.

APPLICATION to the Supreme Court for the disbar-
ment of an attorney.

The facts are stated in the opinion of the court.

*H. A. McCraney,* in *propria persona.*

The COURT.—Application for removal from the office
of attorney.

A document entitled "Accusation" has been pre-
sented by H. A. McCraney, in which he alleges certain
facts against the above-named Rodney J. Hudson on
information and belief, and prays that said Hudson be
removed from the office of attorney and counselor at
law. The "Accusation" is also supported by the oath
of McCraney in the following form:

"STATE OF CALIFORNIA,          }
" City and County of San Francisco.}  *ss.*

" H. A. McCraney, being first duly sworn, deposes and
says that he is the affiant in the foregoing affidavit and
accusation, that he has heard said affidavit and accusa-
tion, and knows the contents thereof; that the same is
true of his own knowledge, except as to the matters
therein stated on information and belief, as to those
matters that he believes it to be true."

Sections 290 and 291 of the Code of Civil Procedure

provide that the accusation for the removal of an attorney, or counselor, must be in writing, and must state the matters charged, "and be verified by the oath of some person to the effect that the charges therein contained are true." It was held in Hotchkiss' case (58 Cal. 39), that by these provisions the legislature clearly intended that the accusation must be made by one who has at least some information on which he bases his charges, and that an accusation merely upon information that was not supported by the affidavit of the informant was insufficient.

Upon the authority of that case the application is dismissed.

De Haven, J., dissenting.—I dissent from the judgment. While I fully concur in the view that the verification attached to the accusation is insufficient, still, in my opinion, the objection is one which ought not to be raised by the court on its own motion. The accusation having been presented, the matter should be heard on its merits, unless the accused should, himself, interpose the technical objection to the form of the verification; and, even if such objection were made by him, the proceeding should not be dismissed, but the complainant should be permitted to amend, so as to make the accusation and verification conform to the law. The accused should have the opportunity to answer the accusation, and if, upon full investigation, such accusation should not be sustained by the evidence, he is entitled to a judgment acquitting him of the charges, which, though informally made, certainly reflect seriously upon his professional character.