# JANUARY TERM, 1901.

## [No. 4143.]

## THE PEOPLE EX REL. THE COLORADO BAR ASSOCIATION V. FRANK B. WEBSTER.

1. ATTORNEYS AT LAW—DISBARMENT PROCEEDINGS—ANSWER.

In a disbarment proceeding against an attorney at law it is respondent's duty, in his answer, not merely to deny the charges, but to explain and set out the *bona fides* of the transactions to which they relate.

2. SAME.

In a disbarment proceeding against an attorney at law wherein he is charged with collecting money for clients and failing to pay it over on demand, an answer which admits receiving the money as charged and alleges that prior to the institution of the disbarment proceeding and before he had any knowledge that it was to be instituted, he paid over to the respective clients the full amount collected less necessary fees and charges is insufficient. It is his duty to state in his answer when he paid the money to his clients and how much he retained for his fees and charges, to enable the court to determine whether or not his conduct in the transactions was honorable and just.

3. SAME.

In a disbarment proceeding against an attorney at law wherein he is charged with receiving money from a client with direction to bring suit to establish a lien on certain land; to pay a docket fee; to pay delinquent taxes and redeem the land from tax sale; and that respondent converted the money to his own use and did not bring the suit as directed, nor pay the docket fee or court costs and did not pay the delinquent taxes or redeem the land from tax sale; an answer that alleges that upon receipt of the money respondent was informed by the county treasurer that a tax deed had been issued and that the land could not be redeemed; that suit was brought to foreclose the deed of trust and annul the tax deed; that respondent was present at the trial and assisted therein; denies that he did not pay the docket fee; and says that he

now holds part of the money to pay the taxes if it shall be decided that his client is to pay them, and that if it shall be decided that he is not to pay the taxes. he stands ready and willing to return the money, is insufficient as it does not answer the charges nor allege that respondent brought suit pursuant to his contract of employment; nor does it explain the disposition of the balance of the money received. It was respondent's duty to explain to the court the entire transactions and to account in detail for the money received from his client.

4. SAME—PRESUMPTIONS.

In disbarment proceedings there is no presumption that the respondent is innocent, and unless he fairly and in detail explains to the court his entire connection with the transaction wherein he is charged with improper conduct, it will be presumed that he is unable to do so.

5. SAME—JUDGMENT ON THE PLEADINGS.

In a disbarment proceeding, notwithstanding the answer is evasive, if it does not appear that respondent has purposely evaded furnishing the court with the information required in such cases, a judgment on the pleadnig will not be granted but respondent will be given an opportunity to file a more specific answer.

## Disbarment Proceeding

### On Motion for Judgment upon the Pleadings.

Mr. D. M. CAMPBELL attorney general, Mr. CALVIN E. REED, and Mr. THOMAS H. HARDCASTLE, for petitioner.

Mr. GEORGE S. REDD for respondent.

Mr. JUSTICE STEELE delivered the opinion of the court.

The information of the attorney general, filed November 20, 1899, is in four counts, and in substance charges in the first three that the respondent collected for certain clients sums of money which, upon demand, he failed to pay over; and in the fourth, that on or about September 1, 1897, Samuel Turbutt of Baltimore sent respondent certain papers, together with one hundred and ten dollars in money, directing him to bring suit in the district court in Costilla county to establish the lien of the said Turbutt against certain land;

to pay a docket-fee in said suit; to pay delinquent taxes, and
to redeem the land from tax sales; and that the respondent
received and kept the said money; converted it to his own
use; did not bring the suit; did not pay the docket-fee or
court costs; did not pay delinquent taxes on said land; and
did not redeem said land from tax sales,—to the great dam-
age, loss, and injury of the said Turbutt.

On February 17, 1900, the respondent filed his answer;
and on March 9, 1900, the motion for judgment upon the
pleadings was filed.

The answer of the respondent is a mere negative pregnant
except in one particular.   We deem it to be the duty of the
respondent in a proceeding of this character not merely to
deny the charges, but to explain and set out the *bona fides* of
the transaction to which they relate.   The answer to the
first three counts of the information admits receiving money
as charged, and alleges that prior to the time of the institu-
tion of these proceedings and before he had any knowledge
that they were to be instituted, he paid over to the respective
clients the full amount collected less necessary fees and
charges   This may or may not be a defense.   While it is
true that under section 201 of Mills Annotated Statutes the
name of an attorney may be stricken from the roll if it shall
be made to appear to the court that the attorney has impro-
perly neglected or refused to pay over or deliver money or
property of his client after demand, there is in the court an
inherant power to strike from the roll the name of an attor-
ney who has shown himself unfit to be one of its offi-
cers, even in cases where the attorney has paid over the
money collected, upon demand.   So that, to enable the court
to determine whether or not the conduct of the attorney in
the transactions mentioned in the information has been hon-
orable and just, it was his duty to state in his answer when
he paid to his clients the amount of the collections and how

Vol. 28–9.

much of the money so collected he retained for his fees and charges.

The answer to the fourth count alleges that upon receipt of the money from Turbutt the respondent was informed by the county treasurer that a tax deed had been issued for said land, and that it could not be redeemed; that suit was brought to foreclose the deed of trust and to vacate and annul the tax deed; that the respondent was present at the trial thereof, aiding and assisting therein: denies that he did not pay the docket fee, and says that he now holds sixty-five dollars to pay the taxes on said land, if it shall be decided that Turbutt is to pay the taxes; and that, if it shall be decided that Turbutt is not to pay the taxes, he stands ready and willing to return the same

This does not deny the charge. It does not allege that the respondent brought suit pursuant to his contract of employment, nor does it explain the disposition of forty-five dollars of the client's money. It was respondent's duty to explain to the court the entire transaction, and to account in detail for the money received from his client. In cases of this character there is no presumption that the respondent is innocent; and unless respondent fairly and in detail explains to the court his entire connection with the transaction wherein he is charged with improper conduct, it will be presumed that he is unable to do so. This answer appears to be evasive, yet we are not willing to say that respondent has purposely evaded furnishing the court with the information required in such cases.

We feel that the respondent should be given an opportunity to file a more specific answer to the information. The motion for judgment upon the pleadings is therefore denied, and it is ordered that the respondent, within ten days, file an answer in accordance with the views herein expressed.

*Motion denied.*