*In the Matter of the Disbarment of* CLEO D. BURNETTE.

No. 14,026.   (78 Pac. 440.)

SYLLABUS BY THE COURT.

1. DISBARMENT OF ATTORNEYS—*Accusation.*   A disbarment proceeding in which the accused did not appear or answer is neither void nor voidable because instituted on an accusation verified on information and belief.

2. ——— *Judgment Reversed.*   On the facts in the record it is *held,* that the judgment should be reversed.

Appeal from Sumner district court; CARROLL L. SWARTS, judge.   Opinion filed November 5, 1904. Reversed.

J. A. *Burnette,* W. W. *Schwinn,* and J. S. *Dey,* prosecuting committee.

J. D. *Houston,* and C. H. *Brooks,* for Cleo D. Burnette.

The opinion of the court was delivered by

GREENE, J. : Cleo D. Burnette appeals from a judgment of the district court of Sumner county disbarring him from the practice of his profession as an attorney and counselor at law. The proceeding was instituted by an accusation verified upon information and belief and filed in the office of the clerk of the district court. An order was entered that a copy of the accusation be served on the accused, and that he appear and make answer thereto on the first day of the next succeeding term. The court appointed J. A. Burnette, J. S. Dey, and W. W. Schwinn, attorneys of the Sumner county bar, to prosecute the proceeding. Burnette failed to appear or answer. Without further evidence than that furnished by the verified accusation the court rendered judgment disbarring Burnette from the practice of his profession. Within three days thereafter, and at the same term, he appeared and asked the court to set aside the judgment and to permit him to answer, alleging as grounds therefor, among other things : (1) That the judgment was rendered against him on an accusation not made under oath ; (2) that such judgment was rendered without any testimony's having been introduced on the hearing in support of the accusation. The application was overruled, and Burnette appeals.

The two questions presented for our determination are : (1) Did the accusation, verified upon information and belief, give the court jurisdiction to inquire into the charges alleged against Burnette ? (2) Is a judgment of disbarment rendered without any evidence to support the charges other than an accusation verified upon information and belief authorized by .

law ?   Section 399 of the General Statutes of 1901 reads as follows :

"The proceeding to remove or suspend an attorney may be commenced by the direction of the court, or on motion of any person interested.   In the former case, the court must direct some attorney to draw up the accusation ; in the latter, the accusation must be drawn up and sworn to by the person making it."

Under the provisions of this section the court may, on its own motion, direct a lawyer to draw up the accusation, and such accusation need not be verified. This section also provides that an investigation into the conduct of an attorney may be instituted on the motion of any person interested, but such accusation must be sworn to by the person making it.   These provisions are only preliminary, and are intended merely to arrest the attention of the court.   Section 400 of the General Statutes of 1901 reads :

"If the court deem the accusation sufficient to justify further action, it shall cause an order to be entered requiring the accused to appear and answer, on a day therein fixed, either at the same or subsequent term, and shall cause a copy of the accusation and order to be served upon him personally."

If the court deem the accusation sufficient to justify further action it shall then take such steps as are pointed out in this section.   The sufficiency and formality of the accusation are examined and passed on by the court before an order is made.   The verification is not jurisdictional, and an entire absence of any verification would not render a judgment, based on a proceeding otherwise regular, void or voidable. The court had jurisdiction.   This contention cannot be sustained.

In opposition to the second contention of the appellant it is argued that the written accusation is a

pleading, and answers to a petition in a civil action; that under section 128 of the civil code (Gen. Stat. 1901, § 4562), which provides that every material allegation in the petition not controverted by the answer shall, for the purpose of the action, be taken as true, the court was justified in rendering a judgment as upon default. To this proposition we cannot give our assent. A proceeding to disbar an attorney is *sui generis*—the statutory rule of evidence provided in section 128 of the code has no application. In support of the procedure had in this case, the appellee quotes section 402, General Statutes of 1901, which reads :

"If the accused plead guilty, or fail to answer, the court shall proceed to render such judgment as the case requires."

It is contended that, in the absence of an answer, this section authorizes the court to accept the verified accusation as evidence of the facts charged therein, and render judgment. The provision of this section, which directs the court, in the absence of an answer, to render such judgment as the case requires does not authorize the court to proceed without evidence to render judgment as upon default in civil actions. Its provisions contemplate the regular and orderly procedure to hear, weigh and determine the evidence, and render such judgment as the case requires.

One of the charges made against the appellant is that he was guilty of wilful and deliberate perjury. Before a court should find one guilty of so serious an offense it should be satisfied of the truthfulness of the charge by positive and direct evidence, given under the solemnity of an oath. This rule seems to have been generally adopted, and is well sustained by ad-

judicated cases.   In *State v. Shumate*, 48 W. Va. 359, 37 S. E. 618, in a disbarment proceeding, the court said : "To disbar an attorney, the evidence of the charges against him must be full, preponderating, and clear."   In the case of *In re Simpson*, 9 N. Dak. 379, 83 N. W. 541, it was said :

"In disbarment proceedings, the contents of affidavits which have been filed as a basis for commencing such proceedings cannot be considered as evidence in support of the accusations upon the trial of the issues of fact.   The accused has a right to be tried upon the evidence of witnesses who have been cross-examined or an opportunity given to do so."

In *People, etc., v. Pendleton*, 17 Colo. 544, 30 Pac. 1041, the court used the following forceful language :

"A judgment of disbarment should be pronounced only upon clear and convincing evidence, and this rule is preeminently appropriate where, as in this case, the offense charged is cognizable by the criminal code."

In the case of *In the Matter of Eldridge*, 82 N. Y. 161, 37 Am. Rep. 558, it was said :

"Where the alleged misconduct is denied, the affidavits and papers upon which the proceedings were instituted are not evidence upon the issues, but simply perform the office of pleadings or statements of the charges relied upon.   Affidavits are sufficient to originate the proceedings, but upon the trial of the issues the common-law rules of evidence must be observed."

Again, in *In re O—*, 73 Wis. 602, 42 N. W. 221, the court said :

"Even where the charges of professional misconduct upon which an attorney is disbarred are not of a criminal nature, they should be established by a preponderance of satisfactory evidence."

In the above-cited cases the accused appeared and denied the accusations, but this of itself could not

*In re* Burnette.

change the rule. The duty rests upon the court to hear and weigh the evidence before determining that an attorney is guilty of a crime for which he should be disbarred. The court must be convinced of the truthfulness of the charge, and, where the offense was not committed in its presence, the only way it can become convinced is by hearing and weighing the evidence tending to establish the fact.

We think that the court has no authority, in the absence of any evidence, and solely upon the accusation sworn to upon information and belief, to find the appellant guilty and to render a judgment disbarring him.

The judgment is reversed, and the cause remanded with instructions to set aside the judgment and to proceed with the hearing.

JOHNSTON, C. J., SMITH, J., concurring.

BURCH, J. (dissenting) : I very much dislike to dissent from the views of my brethren, but I would be false in my fidelity to the law if I should give adherence to the foregoing opinion. In my judgment it is unadulterated judicial legislation.

The statute which is thus amended reads as follows :

"If the accused plead guilty, or fail to answer, the court shall proceed to render such judgment as the case requires." (Gen. Stat. 1901, § 402.)

Hereafter this statute must be deemed to read :

If the accused plead guilty, the court shall render such judgment as the case requires. If he fail to answer, the court shall not proceed to render judgment, but shall first investigate the uncontested charge, hear and weigh evidence as if there were an issue to try, and then render such judgment as the case requires.

There is no canon of construction known to the law which will permit such a meaning to be forced upon

this remarkably simple and unambiguous statute. Failing to answer and pleading guilty are equally momentous facts, and either will close the proceeding to the point of rendering judgment.  If the accused plead guilty, what is the mandate of the law ?  "The court shall proceed to render such judgment as the case requires."  If the accused fail to answer, what is the mandate of the law ?  "The court shall proceed to render such judgment as the case requires."  There is no greater license for this court to interpolate a trial in one case than there is in the other.  So much for the words.

The context is equally conclusive :

"To the accusation he may plead or demur, and the issues joined thereon shall in all cases be tried by the court, all the evidence being reduced to writing, filed and preserved."  (Gen. Stat. 1901, § 401.)

Here is express provision for a hearing.  There shall be a trial when issues have been framed.  An issue is made by a demurrer, or by an answer to the accusation.  In either case the trial is by the court.  On the trial of an issue of fact made by the answer to the accusation, the court shall hear and weigh evidence, and the evidence shall be reduced to writing, filed and preserved.  Having exhausted the subject of issues and trials and evidence, the legislature then prescribed by section 402 the course to be pursued when there is a confession of guilt, and when charges of the accusation are not contested—when there is no issue, no occasion for a trial, no opportunity for evidence.  The court shall then proceed to render such judgment as the case requires.

Pass to the reason and spirit in which the law is conceived.  The object of the proceeding is not to punish the offender, but to protect and preserve the

purity of the administration of justice.   A barrier is raised against the lodging of loose charges by requiring an oath to the accusation, if presented by a person interested.   The court cannot be set in motion until this solemnity — the same as that which binds the conscience of a witness—has been observed.   After that the court is required to examine the accusation and be satisfied with its sufficiency.   If the court deem it sufficient to require further action the accusation is served personally, in order that the accused may not escape full knowledge of the nature, character and consequences of the charge, and an order is entered requiring him to appear and answer on a stated day.   In all this the court has been the guardian of the accused attorney's rights.   Something is now due from him.

"We deem it to be the duty of the respondent, in a proceeding of this character, not merely to deny the charges, but to explain and set out the *bona fides* of the transaction to which they relate." (*The People v. Webster*, 28 Colo. 223, 225, 64 Pac. 207.)

He is not on the same plane as an ordinary individual charged with a breach of a social order.   He is a member of a profession, with duties and relations to that profession of the highest kind.   He is an officer of a court of justice, owing to it obligations of absolute allegiance and obedience.   When confronted with a sworn accusation impeaching his professional character, and with an order from such tribunal to appear and answer, shall he be permitted to treat the order with contempt, disdain to attend the sessions of the court appointed for his benefit, and still demand of it a patient and laborious investigation of a charge which he will not deny?   Must a court to whose authority no submission is made still keep guard over

*In re* Burnette.

a character which the possessor does not care to vindicate? The accused is fully aware of his guilt or his innocence when confronted with the accusation, and the legislature has said that if he disobey the mandate of the court and fail to answer the assault made upon his professional honor the court shall proceed to render judgment as the case presented by the accusation requires. In *Ex parte Thompson*, 32 Ore. 499, 40 L. R. A. 194, 52 Pac. 570, the records of the supreme court of Oregon, where the disbarment proceeding was pending, disclosed proof of the guilt of the accused. Notwithstanding this fact the court accepted a failure to answer as a virtual acknowledgment of guilt. It said:

"He had notice of the pendency of this proceeding, and was thereby afforded an opportunity of being heard, but failed to answer the accusation, thus tacitly confessing the truth of the charges."

The legislature places an accused attorney who will not answer the charge in the same situation that courts regard him as occupying if, on a hearing, he declines to testify.

"In a proceeding to disbar an attorney on charges of deceit and malpractice, his refusal to testify raises the legal presumption of the truth of such uncontradicted facts given in evidence against him as must have been known to him." (*Matter of Randel*, 158 N. Y. 216, 52 N. E. 1106.)

"It is urged by counsel that the failure on the part of the accused to be sworn in his own behalf may not be used to his prejudice. Counsel say that this is, to all intents and purposes, a criminal investigation, and that the rule laid down on this subject in section 2442 of the penal code should be applied. The answer to this is that 'this is not a criminal prosecution, nor an aid to a criminal investigation, but is to ascertain if the accused is worthy of the confidence, and is pos-

sessed of that good moral character, which is a condition precedent to the privilege of practicing law and continuing in the practice thereof.' . . . If the accused is not guilty, nothing would have been easier than for him to deny all knowledge of the charges laid at his door. His having failed to testify in his own defense, when he should do so, and deny the statements of Whiteside and Clark, not only justifies, but irresistibly impels, this court, upon the evidence before it, which is credible, to the conclusion that he is guilty.'' (*In re Wellcome*, 23 Mont. 450, 468, 59 Pac. 445.)

Furthermore, suppose the professional misconduct be flouted in the face of the court. It may then direct some attorney to draw up the accusation. It is served, and the order to appear and answer is made. There is no answer. Is the court then put to proof? The legislature says the court may then proceed to judgment. But the statute containing that declaration makes no exception of cases instituted by a party interested. The language still is that if the accused fail to answer the court shall proceed to render judgment.

It is said, however, that the accusation in this case charged perjury, which is a serious matter. True, perjury is a felony under the criminal law, and upon conviction of a felony by a jury in a criminal proceeding the guilty person forfeits all his civil rights. But the legislature was not ignorant of these facts. It considered felonies as causes for disbarment. A felony may constitute the burden of an accusation. If so, and if the accused fail to answer, the legislature says the court shall proceed to render judgment. The play upon the words '' guilty of so serious an offense,'' '' guilty of a crime,'' and the like, in the preceding opinion, adds nothing to the statute, and takes nothing away from it. The statute cannot be amended by

giving a name to the case, or proceeding, and then arguing in a circle from such name. The profession of the law is ages older than our statute. The legislature understood its composition well, and fully understood the meaning of disbarment to a lawyer when the act was passed, and it provided one invariable rule of procedure for all cases. "If the accused fail to answer the court shall proceed to render judgment." When this court commands otherwise, and sends a disbarment proceeding back for a hearing which the accused did not crave, it does not adjudicate, it legislates.

With the statement in the former opinion that the proceeding in disbarment cases is *sui generis* I heartily agree. In establishing this unique and self-sufficient procedure the lawmaking power provided in unmistakable terms the result to follow if the accused fail to answer, viz., the court shall proceed to render judgment. Hence, the question is entirely free from any confusion which might arise by attempting to affiliate the procedure prescribed to that of the code.

My associates do well to admit that the cases they have cited have no application to the cause under consideration. They all relate to the duty of the court when charges are denied and there is some demand for proof. Eliminating these irrelevant authorities, there remains no support for this decision save the arbitrary *ipse dixit:* "The duty rests upon the court to hear and weigh the evidence before determining that an attorney is guilty of a crime for which he should be disbarred." Out of tenderness for the foibles and frailties of members of my profession, and dismayed at the disastrous consequences of disbarment, I may sincerely wish that the legislature had said this, but it did not. Other statements in the

opinion of like import may contain good advice, but the legislature of this state did not adopt it for cases in which the accused shall fail to answer the accusation. In that event, the statute says the court shall proceed to render such judgment as the case requires.

No fair-minded court would be technical in the matter of opening a judgment of disbarment and allowing an attorney to answer who, for some fair reason, had failed to do so, but an answer should be tendered with the application, which the accused in this case refused to do. The statute should not be modified to accomplish such result, and surely the district court did its plain duty when it followed the plain language of the law. As the case now stands the judgment should be affirmed.

I am authorized to say that Mr. Justice CUNNINGHAM and Mr. Justice MASON also dissent.

ATKINSON, J. (concurring specially)*: I concur in the judgment of reversal, but I dissent from that part of the first opinion which holds that, in default of an answer by the accused, section 402 of the General Statutes of 1901 contemplates a ''regular and orderly proceeding to hear, weigh and determine the evidence.''

The judgment should be reversed because the accusation was verified upon information and belief only. Section 399 contemplates that it be sworn to positively. I regard section 402 as plain and unambiguous. To my mind, it plainly says that if the accused fail to answer the court shall render judgment on the

---

' It will be observed that Mr. Justice ATKINSON concurs in the judgment of reversal but dissents from both propositions of law discussed in the opinion of Mr. Justice GREENE, with the result that four justices dissent from the second proposition, which states the ground upon which Chief Justice JOHNSTON, Mr. Justice SMITH and Mr. Justice GREENE based the judgment of reversal. It will also be noted that Mr. Justice ATKINSON alone dissents from the proposition of law stated in the first syllabus.—REP.

accusation; contemplating always, however, as heretofore suggested, that the accusation shall be sworn to positively.

The rule stated in the first opinion, that upon default of the accused a hearing becomes necessary, is judicial legislation, unauthorized, and I cannot give my assent to it, however much I might wish the provision for a hearing to be the law. What shall constitute the proceedings in disbarment is a matter for legislative determination. The legislature has declared itself in plain and unmistakable terms. This court has no authority to amend legislative enactments; and this the opinion of Mr. Justice GREENE undertakes, in effect, to do.