---

## IN RE LYNN.

### (140 N. W. 710.)

Upon a motion to dismiss accusations in disbarment because the same are verified upon information and belief only, *held:*

**Disbarment proceedings — accusation — verification — positive knowledge — in part — sufficient.**

(1) Where the verification is in part made upon positive knowledge, it is a sufficient compliance with § 507, Rev. Codes 1905, requiring such an accusation to be "sworn to by the person making it."

**Disbarment proceedings — inherent power of court — discretion.**

(2) A disbarment accusation presented concerns a matter within the inherent powers of the court; and if the accusation, in the discretion of the court, is deemed sufficient to justify investigation, the proceedings so entertained will not be dismissed where the verification is not made entirely upon positive knowledge of the facts sworn to.

**Motion — dismissal — answer — demurrer.**

(3) Motion to dismiss is denied, and the accused directed to serve and file his answer or demurrer to the accusations within thirty days.

Opinion filed March 27, 1913.

Goss, J. Written accusations have been filed in this court, asking for the disbarment of an attorney at law. The accusations are in part based upon the records in several cases heretofore before this court on appeal, and in which litigation this attorney was a party or attorney of record. Two of these parties litigant employed counsel, and caused to be prepared and presented a lengthy written accusation, subscribed by them but verified by one of their attorneys. After careful consideration of the charges made, and in the exercise of its discretion in the matter, this court decided to entertain the disbarment proceeding, and directed the filing of the accusations and the service of a copy thereof upon the accused. Service was made. The accused then filed a written motion, asking the dismissal of the accusations, and that the same be stricken from the files of this court, upon the grounds "that the accusations are not sworn to by the parties making the accusations, as required by § 507 of the Revised Codes of 1905; and that the attorney who swears to the accusations on information and belief affirmatively discloses that his information is derived from hearsay, secondary and inadmissible evidence in this proceeding, and not upon information of the probative facts as to the matters and things alleged in said accusations." Hearing was had upon this motion, and this court renders its decision thereon in the following opinion:

Sec. 507, referred to, reads: "The proceeding to remove or suspend an attorney may be commenced by direction of the court or on motion of any individual. In the former case the court must direct some attorney to draw up the accusation; in the latter the accusation must be drawn up and sworn to by the person making it." It is

urged that this statute requires a verification on positive knowledge, and that it be made by the accusers; and that the verification of a disclosed attorney of the accusers is not a compliance with the statutory requirement. If the statute is to be given a strict interpretation to the effect contended for, that it must be sworn to by the accuser and that the verification of an attorney employed for and in behalf of and as the agent of the accuser will be insufficient, then we must likewise hold that an accusation drawn up by any other person than the accuser will not satisfy the statute declaring that "the accusation must be drawn up and sworn to by the person making it." To so hold would be to convict the legislature enacting this statute of almost imbecility. The section provides that where the proceedings are instituted on the court's own motion it may direct "some attorney to draw up the accusation," but where disbarment is asked by a private individual "the accusation must be drawn up and sworn to by the person making it." No good reason exists why an attorney should not prepare an accusation in either case, and, if cognizant of the facts, make the verification required. Besides, the authorities are in unison in holding that in enacting these statutes governing procedure in disbarment proceedings, the legislature is not granting any rights to courts, but instead, such legislation is upon matters and concerning powers always considered as inherent in courts of general jurisdiction. The power to disbar an attorney is a right inherent in this court. As was said by this court in Re Eaton, 7 N. D. 269, on page 273, 274, 74 N. W. 870, a proceeding to disbar is a special proceeding. "It is special in that it is neither a civil action nor a criminal action, but is on the contrary a remedy in court which is readily distinguishable from both, not only with respect to the objects sought in actions, but as well with respect to the procedure which governs in actions. . . . We are inclined to hold . . . that it was not the legislative purpose, in making the general classification of remedies in court, to settle all details of practice and procedure in such purely statutory proceedings," such as disbarment proceedings. The statute must not be taken as limiting the power of the court, but rather as declaring a rule for guidance in the exercise by it of discretion in the entertainment or rejection of charges preferred to secure disbarment. Such has been its interpretation under similar statutes. See Re Burnette, 70 Kan. 229, 78 Pac. 440, where statutory provisions iden-

tical in language with our own are passed upon under a similar issue, where an accusation was claimed to be void because sworn to upon information and belief. And § 399 of the Kansas General Statutes of 1901 is identical with our § 507 under consideration, containing the provision, "In the latter the accusation must be drawn up and sworn to by the person making it" (where made by a third party). The court's interpretation is upon a statute identical with ours and in the following language: "Under the provisions of this section the court may, on its own motion, direct a lawyer to draw up the accusation, and such accusation need not be verified. This section also provides that an investigation into the conduct of an attorney may be instituted on the motion of any person interested, but such accusation must be sworn to by the person making it. These provisions are only preliminary and are intended to arrest the attention of the court. . . . If the court deems the accusation sufficient to justify further action, it shall then take such steps as are pointed out in this section. The sufficiency and formality of the accusation are examined and passed upon by the court before an order is made. The verification is not jurisdictional, and an entire absence of any verification would not render a judgment based on a proceeding otherwise regular void or voidable." That court also says: "A proceeding to disbar an attorney is *sui generis*. The statutory rule of evidence provided . . . has no application." We are satisfied that an accusation may be drawn up by an attorney, which proposition is conceded; also that it may be verified by an attorney when instituted by a private party.

It is contended that if the accusation can be verified by an attorney, it must be upon positive knowledge, and not upon information and belief, to comply with the statute. In support of this is cited Re Hotchkiss, 58 Cal. 39; People ex rel. Wright v. Lamborn, 2 Ill. 125; Re McCraney, 102 Cal. 467, 36 Pac. 812; Re Sayre, — Cal. —, 36 Pac. 813; and Re Weed, 26 Mont. 241, 67 Pac. 308.

This objection fails when we find the verification is not made wholly upon information and belief. As a part of said verification, nearly two typewritten pages of alleged facts are positively stated upon which such belief is said to be founded, and therein calling attention to the files of this court and its opinions in two cases found in vol. 122 N. W. Reporter; reciting also as evidence certain files of the district court

of Emmons county in four other named actions, together with facts positively averred concerning such court records,. consisting of exhibits, letters, stipulations, contracts, and other documents in evidence, including certified transcripts of testimony and depositions. It avers "that affiant has, to the best of his ability, set forth in the foregoing petition the facts as they appear to be and as disclosed by the records referred to, and as a result of a careful examination thereof made by affiant personally; and affiant believes the facts to be as in said petition set forth. . . . And affiant further believes that the charges in said petition are preferred in good faith by said petitioners from good and justifiable motives, . . . and that he is one of the attorneys for the petitioners named in the foregoing petition, and has been retained by said petitioners to prepare and present in their name the foregoing petition to this court; that the facts alleged in the foregoing petition are true, to the best of affiant's knowledge, information, and belief; that affiant's knowledge and information as to the truth of the allegations in the petition have been derived from" certain sources named. This is far from being a verification upon information and belief only. Instead it is a rehearsal on positive knowledge of facts in support of the accusations, and stating the information and grounds of belief upon which the charges are made. Indeed, it complies strictly with the California rule invoked by this moving party, as construed in Re McCraney, 102 Cal. 467, 36 Pac. 812, from which we quote: "It was held in Re Hotchkiss, 58 Cal. 39, that by these provisions the legislature clearly intended that the accusations must be made by one who has at least some information on which he bases his charges, and that an accusation merely upon information that was not supported by the affidavit of the informant was insufficient." Such is the California rule under statutes similar to ours. When the Hotchkiss Case is examined, we do not wonder at the holding, as the verification is by a third party upon information and belief only, and without disclosing why he verifies or that he is an attorney for the accusers. That case is merely authority to the effect that disbarment charges cannot be considered when made by one party and verified wholly on information and belief by a different party. Montana, under similar statutes, has held that where an accusation contains matter in part stated on information and belief, and in part charged positively and verified as true, "except in

those instances where the allegations are made upon the best information and belief of affiant, and as to such allegations thus made he believes them to be true," is sufficient "inasmuch as portions of the accusation consist of allegations positively made." Re Wellcome, 23 Mont. 213, 58 Pac. 47, on page 53, with the companion case of the same name, 23 Mont. 140, 58 Pac. 45, also well illustrate the proposition as announced in the Kansas' case, Re Burnette, 70 Kan. 229, 78 Pac. 440, that the matter of verification is one for the court to consider when determining whether its discretion will be exercised in favor of an investigation of the charges contained in accusations of disbarment, and as not going to the jurisdiction of the court to entertain the disbarment matter; and such we believe to be the sound rule. The verification to the accusation is a substantial compliance with § 507, Rev. Codes 1905, and the motion to dismiss and strike the accusations from the files of the court is denied.

The moving party is directed to serve his answer or demurrer to said accusations upon the attorney for the accusers, and file the same so served with the clerk of this court within thirty days from the date of notice of filing of this opinion and order.