## HOUTCHENS v. STATE.

### No. 4099.

Court of Civil Appeals of Texas. Texarkana.

Feb. 12, 1932.

Rehearing Denied Feb. 18, 1932.

Simpson, Collins & Moore and Leo Brewster, all of Fort Worth, for appellant.

Julian Mastin, of Dallas, and Frank A. Ogilvie and Wm. R. Watkins, both of Fort Worth, for the State.

LEVY, J. (after stating the case as above).

The appellant presents the points as legal error that (1) the presentment of the complaint by more than one practicing attorney as a petitioner or informant was not permissible, and was an act prejudicial to him in the trial before the jury, and (2) the verification of the complaint was insufficient compliance with the law to give the court jurisdiction. According to the express provisions of the statute, the proceeding for suspension or disbarment of an attorney at law may be instituted by the district court upon its motion or direction or by the complaint of "the judge of any court, a practicing attorney, a county commissioner or justice of the peace." Article 314, R. S. The evident legislative aim and purpose in the enactment was to designate the particular classes of persons who, in similarity of situation and as possessing some attribute in common, shall be deemed competent, as constituting a unit for the certain purpose, to properly initiate a proceeding on their own complaint or motion against attorneys for suspension or disbarment. The words "practicing attorney" were used to specially describe generally those of a class of persons who are duly licensed and do practice in the courts. The general words of "the judge of any court," "a practicing attorney" are commonly intended to extend to a class of persons as well as individual members of that class. The intention does not otherwise appear to narrow and limit the right to make the complaint or preferment of accusations to only one practicing attorney. In this view it would be sufficient compliance with the statute, and its purpose and intent, if the complaint or preferment of charges be made either by only one practicing attorney or by several individual attorneys. It would be quite a misconception of the purpose of the statute to hold that several attorneys acting as the duly appointed committee or commission of the bar association or the collective bar may not be entitled to efficiently

approach the court with the matter of suspension or disbarment of an attorney practicing in the court, and that the court may and must turn a deaf ear to their complaint. There are close relations between the bench and the bar, and mutual dependence of each upon the other, and importance to both of maintaining the highest purity and integrity of the bar. Decisions of cases in other jurisdictions show that it is permissible, and not incompetent, for more than one individual attorney, acting as a bar committee, to be petitioners or informants in the proceeding instituted on their complaint or motion. It is thought that the first point must be overruled.

 The charges preferred in the complaint are quite explicit and full in substance. The complaint is signed and verified by the affidavit appended of the six complainants. The appellant duly demurred to the complaint because of the insufficiency of the verification. The question of law is, Was the verification of the complaint in sufficient compliance with the statutory requirements as to warrant the rule nisi against the appellant to reply and show cause against the particular proceeding? The question must necessarily be considered in the light of the statute under which it was drawn and of the matters stated in the affidavit. The substantial and formal requisites of an affidavit are generally matters depending for the most part upon the purposes for which the affidavit is to be used, and the statute under which it is drawn. The statute provides that, in order to initiate the proceeding of suspension or disbarment of an attorney, the complainant must file with the clerk of the district court "a sworn complaint of fraudulent or dishonorable conduct or malpractice on the part of any attorney at law." Article 314, R. S. Upon "the filing of such complaint" the rule nisi or order to reply and show cause may issue, which brings the defendant before the court and gives him an opportunity to answer. Articles 315, 316, R. S. The above section merely provides that the accusation must be drawn up and sworn to by the person making it. It does not prescribe the formal requisites of the oath to be taken nor any particular form of verification. The affidavit in suit, as pertinent to set out, says that the complainants "each for himself deposes and says that the allegations (charges) contained in the foregoing petition and complaint are true in fact and in substance to the best of the knowledge and belief of each and all of the affiants after investigations, hearings through the presence of witnesses, and affidavits of witnesses as well as transcripts and records." The oath made in verification of statements made may not, it is believed, be properly regarded as insufficient and defective and subject to exclusion in any view that the contents are not in the terms of the statute, or that proof in such form is not legally authorized. The statute does not provide, expressly or impliedly, that the accusation by the complainant attorneys can be made and verified only upon their personal knowledge of the facts, and not upon information and belief of facts derived, as here stated, from court records and other credible sources. The statute in effect goes merely to the extent that charges in a regular complaint against an attorney ought to be acted upon by the court only when "sworn" to or made on oath. Under similar statutes such verification as here has been held regular and sufficient. In re Shepard, 109 Mich. 631, 67 N. W. 971; In re Veeder, 10 N. M. 669, 65 P. 180; In re Lynn (In re Disbarment Proceedings), 25 N. D. 54, 140 N. W. 710. There is distinguishment between the present case and the cases in disbarment proceedings where the statute expressly exacts an affidavit of the complainant to the effect that the "charges" or "facts" averred "are true." In re Hudson, 102 Cal. 467, 36 P. 812; In re Weed, 26 Mont. 241, 67 P. 308; In re Collins, 147 Cal. 8, 81 P. 220. And generally, wherever the statute, providing for the making of the affidavit, requires the facts to be positively stated by the affidavit, the affidavit will be considered insufficient as not meeting the test of the statute, where rested merely upon information and belief. 2 C. J. § 86, p. 355. Nor, in the further view of the purposes for which the affidavit is to be used, may the affidavit in the form as made be held bad for any purpose of proof for want of sufficient verification. The verification may not be regarded as invalid upon the ground of not meeting the usual test of legal sufficiency and competency as evidence to invoke the power of the court, charged with a judicial duty in the premises. Although the verification does not purport to state positively that the accusations made in the complaint are entirely upon the personal knowledge of the complainants, yet the verification does purport to affirmatively state that the accusations made in the complaint "are true in fact and in substance" to the complainants' "knowledge and belief," and that their knowledge and belief as to the truth of the facts alleged were the result of their personal "investigations, hearings through the presence of witnesses, and affidavits of witnesses, as well as transcripts and records." The verification made is far from resting upon belief only, and without any source of personal information or knowledge of the fact on which to base the charges. The declarations are sufficiently positive to be equivalent to swearing that the facts are true. And, too, there appears therefrom an absence of probable motive to falsify the facts. The nonproduction of the affidavits of the witnesses and copies of the documents mentioned are matters that go to the weight of the proof only and not the validity of the verification. Oftentimes knowledge of matters must of necessity rest upon information derived from others, and from the contents

of documents. In such case it is generally held to be sufficient if the affiant states in the affidavit that such matters are true to the best of his knowledge and belief. 2 C. J. § 37, p. 355. And especially would that rule be applicable to proceedings of the character here. The matter of verification is one for the court to consider when determining whether its discretion will be exercised in favor of an investigation of the charges contained in the complaint and not as going to the jurisdiction of the court to entertain the disbarment matter. The only action of the court which can be based upon the affidavit is of a formal character of issuing a rule nisi or order to appear and show cause.

Quoting from Worthen v. State, a disbarment proceeding, 189 Ala. 395, 66 So. 686, 688: "The affidavit required by section 2997, ante [which requires the complainant to verify the accusation], is of the nature of that thus described in Jacobs v. State [61 Ala. 448] supra: 'It is purely cautionary—a pledge of good faith in the commencement of the suit. * * *' The affidavit under view can serve and does serve no other purpose than to put the judicial power in motion. It is without effect or bearing upon the issues made by the information. Its object in exaction is to prevent the initiation of disbarment proceedings without proper caution—fair consideration for him who is accused in the information. Given the preference of charges against an attorney, the entire office of the verification prescribed is to initiate a hearing thereon. There is no arrest; and there is no promise of imprisonment."

Quoting from case of In re Burnette, 70 Kan. 229, 78 P. 440, 441, a disbarment proceeding:

"A proceeding to disbar an attorney is sui generis. * * * In support of the procedure had in this case, the appellee quotes section 402, General St. 1901, which reads: 'If the accused plead guilty, or fail to answer, the court shall proceed to render such judgment as the case requires.' It is contended that, in the absence of an answer, this section authorizes the court to accept the verified accusation as evidence of the facts charged therein, and render judgment. The provision of this section which directs the court, in the absence of an answer, to render such judgment as the case requires, does not authorize the court to proceed without evidence to render judgment as upon default in civil actions. Its provisions contemplate the regular and orderly procedure to hear, weigh, and determine the evidence, and render such judgment as the case requires."

All authorities are to the effect that the verification is only to satisfy the court and have him issue the rule nisi or order to show cause, and is not competent as evidence in the trial upon the merits or to sustain a default judgment. Upon the granting of the order to show cause, the verification has served its full purpose. The ruling in Ex parte Dupree, 101 Tex. 150, 105 S. W. 493, 496, a contempt proceeding, is quite applicable alike to a disbarment proceeding: "Relator also sets up as a ground for his discharge that the affidavit upon which he was arraigned for contempt was sworn to upon information and belief. This could be no more than an irregularity, and would not affect the jurisdiction of the court."

Many cases are reported, and cited by appellant, holding to the effect that affidavits resting on information and belief are insufficient and subject to exclusion. Especially must the affidavit meet the test of the statute in sequestration, attachment, and garnishment where the requisites of the affidavit are specified in the statute. And likewise, in injunction pleadings and removal of officers, the affidavit is regarded as insufficient when resting on information and belief as would rank with hearsay evidence in the law of evidence. It is believed that the present affidavit may not be regarded as wholly legally insufficient for the purposes to be used. The verification is not substantially at variance with the principle of the ruling in the cases cited.

We have carefully considered the remaining assignments of error presented for ruling, and are of the opinion that they should be overruled.

The judgment is affirmed.