<div align="center">SCOTT <em>against</em> VAN ALSTYNE.</div>

<div style="float:left; width:30%"><em>An attorney, defendant, cannot waive his privilege, for it is not allowed for his own sake, but for the sake of the court, and the suitors in it. It is sufficient for the plaintiff, who proceeds by bill, that the defendant is an attorney of record, and if the attorney wishes to get rid of the privilege, he must apply to the court, who will strike his name off the roll, unless the application is made to avoid an impending censure of the court.</em></div>

THIS was an action of *assumpsit.* The suit was commenced by *bill* against the defendant, as one of the attorneys of the court, in the usual form. The defendant pleaded that at the time of filing the bill against him, he was not one of the attorneys of the court, acting or practising as such, and is not an acting or practising attorney of the court, but had, for more than three years preceding the filing of the bill of the plaintiff, pursued the business of a *farmer*, and had not, during all that time, attended the court as an attorney, or practised as such, and was not bound by custom to answer to a bill filed against him as an attorney, &c.

There was a *general demurrer* to the plea, which was submitted to the court, without argument.

*Per Curiam.* An attorney, being defendant, cannot, by plea, waive or destroy his privilege, because the privilege is allowed him, not for his own sake, but for the sake of the court, and the suitors in it. If he renounces his privilege by mere absence from court, and business, how is the plaintiff to know that fact beforehand? He can only judge from the record, and it is sufficient for him that the defendant is an attorney, *prout patet per recordum.* This is the amount of the doctrine in the adjudged cases. (*Gardner* v. *Jessop,* 2 *Wils.* 42. *Farrill* v. *Head, Barnes,* 41.) If the de-

fendant wishes to withdraw himself from the privilege, or, as he may choose to consider it, the burden of his office and distinction as an attorney, he must apply to have his name struck off the roll. This he may do at any time, and the court will always grant that leave, unless the application be made to withdraw himself from some impending censure, and then, as Lord *Eldon* has lately observed, (6 *Vesey*, 4.) the court will refuse to do it.