Argued December 18; decided December 30, 1895.

## STATE · *v.* THOMPSON.

[42 Pac. 1002.]

1. LARCENY BY BAILEE — INDICTMENT — CODE, §§ 1771, 1800. — An indictment charging that defendant, being "the bailee and trustee" of a note, the property of another, embezzled and converted it to his own use, charges larceny by a bailee; the word "trustee" not affecting its validity, or charging conversion by a trustee.

2. VARIANCE. — The identity of a note offered in evidence with one described in substance and legal effect in an indictment being unquestionable, a variance of two days in the date thereof is immaterial.

3. APPOINTMENT OF GUARDIAN — COLLATERAL ATTACK. — On a prosecution for larceny by a bailee, even if proof of demand on defendant was necessary, — the undisputed evidence showing an actual conversion and fraudulent application of a note and its proceeds to defendant's use, contrary to the terms of the bailment, — objection could not be made to the regularity of the appointment of the guardian who made the demand, the court making the appointment having jurisdiction of the subject-matter and the parties.

4. EVIDENCE OF VALUE OF STOLEN NOTE. — Evidence that a note was negotiable, and at the time of its conversion by defendant was not due, and that the latter sold it for its face value, is sufficient proof of value to sustain a conviction of larceny thereof by defendant as bailee.

5. EVIDENCE OF OWNERSHIP — LARCENY BY BAILEE. — In an indictment for larceny of a note by a bailee the averment of ownership in a certain person is established by proof that such person had become liable on the note and had paid it, and was entitled to possession thereof at the time of the alleged larceny.

APPEAL from Multnomah: T. A. STEPHENS, Judge.

The defendant C. C. Thompson, an attorney at law, was tried and convicted of the crime of larceny by bailee of a promissory note that had been intrusted to him in his professional capacity. From a sentence of one year in the penitentiary he appeals, assigning error in overruling a demurrer to the indictment, and in the admission of testimony.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Benjamin P. Welch.*

For the state there was a brief and an oral argument by *Messrs. Cicero M. Idleman,* attorney general, and *Wilson T. Hume,* district attorney.

Opinion by MR. CHIEF JUSTICE BEAN.

The undisputed facts in the case are that in June, eighteen hundred and ninety-four, application was made to the County Court of Clackamas County for the appointment of a guardian for one E. W. Cressy, who was old, and feeble in mind and body, and incapable of taking care of himself. At this time Cressy, who was the owner of considerable property, was in possession of a certain promissory note in his favor for three hundred and seventy-five dollars, dated February sixteenth, eighteen hundred and eighty-nine, executed by F. F. Jancke and secured by a mortgage, but which had in fact been paid by one Broetje, who had purchased from Jancke the mortgaged premises, and, as a part of the consideration therefor, had assumed and agreed to pay the note in question, and for that purpose had become a party thereto. Soon after the

26 OR.—21.

application for the appointment of a guardian, and the service of a citation upon him, Cressy suddenly disappeared from his usual place of abode, leaving among his effects several promissory notes and mortgages, among the number being the note above referred to, upon which this prosecution was based. On the fourteenth of June, and after the disappearance of Cressy, a son of the proprietor of the house where he had been staying, acting upon the advice of a neighboring justice of the peace, delivered these notes and mortgages for safe keeping to the defendant, who was, or claimed to be, attorney for Cressy, and took his receipt therefor as such attorney. A few days afterwards one Hungerford, who was appointed guardian of the person and estate of Cressy by the Clackamas County Court, demanded of the defendant possession of the notes and mortgages which had been so delivered to him, but without avail. Defendant, being thereupon cited by the county court to appear and answer concerning the property which had been intrusted to him, denied having possession of the same, and claimed that he had redelivered it to Cressy; but in November following he demanded payment of the note in question from Broetje, and was informed by him that it had been paid to Cressy, who failed to surrender it because, as he said, it had been lost. Thereafter, the defendant, notwithstanding his knowledge of such payment and the appointment of a guardian for Cressy, procured his indorsement on the note, which was not yet due, and sold it for about its face value, and appropriated the money to his own use. After the sale of the note he was again required by the county court, on petition of the guardian, to appear and answer concerning the same, which he did, and upon examination said he did not know what had become of the note;

that he left it lying on his office desk, and it disappeared in some manner unknown to him, and he did not know where it then was; that he never received anything for it, directly or indirectly, and knew nothing concerning it. Subsequently, on the trial of an action against Broetje by the purchaser of the note, defendant, who was a witness, testified that he had loaned Cressy some money on the note, and had an interest in it to that extent. There can be no possible doubt of defendant's guilt on the facts, and unless the record discloses some error affecting a substantial right, the judgment should be affirmed. We shall, therefore, proceed to notice briefly the alleged errors.

1. The charging part of the indictment is as follows: "The said C. C. Thompson * * * was the bailee and trustee of a certain promissory note dated ——, signed ——, and for the sum of ——, and being such bailee as aforesaid, did then and there feloniously embezzle and unlawfully and wrongfully convert the said promissory note to his own use, and did feloniously fail, neglect, and refuse to keep and account for the same according to the nature of his trust; said promissory note theretofore having been delivered and intrusted to him and under his care and control as such bailee and trustee, contrary to the statutes" * * *. It is claimed that this charges not only larceny by bailee under section 1771, Hill's Code*, but that the use of the word "trustee" makes it charge

---

*Section 1771 reads thus: "If any bailee, with or without hire, shall embezzle, or wrongfully convert to his own use, or shall secret with intent to convert to his own use, or shall fail, neglect, or refuse to deliver, keep, or account for, according to the nature of his trust, any money or property of another delivered or intrusted to his care or control, and which may be the subject of larceny, such bailee, upon conviction thereof, shall be deemed guilty of larceny, and punished accordingly."

also conversion by trustee, under section 1800.* The objection to the indictment is untenable. It is in the language of the statute, and does not charge more than one crime. The word "trustee," as used therein, does not affect its validity, or charge a crime under section 1800 of the Code.

2. The variance between the note offered in evidence and the one described in the indictment was not material; they were identically the same except a difference of two days in the date. "The strictness of the ancient rule as to the variance between the proof and the indictment," says EARL, J., "has been much relaxed in modern times. Variances are regarded as material because they may mislead a prisoner in making his defense, and because they may expose him to the danger of being again put in jeopardy for the same offense": *Harris* v. *People,* 64 N. Y. 148. The variance in this case could present no such difficulty. The indictment does not undertake to set out the note according to its tenor, but only in substance and legal effect, and the difference of two days in the date alone could not have misled the defendant in making his defense, and will not expose him to the danger of again being put in jeopardy for the same offense. The identity of the note described in the indictment with the one offered in evidence is unquestionable, and the judgment in this case will protect the defendant from another prosecution for the same offense, and this is all the law requires: *Donovan's Appeal,* 41 Conn. 500.

3. The objection to the regularity of the proceedings of the county court of Clackamas County in ap-

*Section 1800 reads as follows: "If any person, being the trustee of any property for the benefit of another, or for any public or charitable use, shall, with intent to defraud, by any means convert the same," etc.

pointing a guardian for Cressy is without merit in this case. The only object of the proof of such appointment was to show a legal demand upon the defendant for the possession of the note in question. The county court had jurisdiction of the subject matter and the parties, and it is immaterial for the purposes of this case whether the proceedings in the appointment of the guardian were regular or irregular. It made an appointment and issued letters of guardianship to Hungerford, who duly demanded the note of the defendant in order that it might be delivered to Broetje the owner, and this would no doubt have been sufficient to establish the conversion, if proof of demand was necessary, which may be well doubted, as the undisputed evidence shows an actual conversion and fraudulent application of the note and its proceeds to the defendant's own use, contrary to the terms of the bailment: *State* v. *New,* 22 Minn. 76; *Commonwealth* v. *Hussey,* 111 Mass. 432.

4. It is also claimed that the state failed to prove that the note was of any value, or that it was the property of Broetje, as alleged in the indictment. The note was negotiable, and, at the time of its conversion by the defendant, not due, and the fact that he was able to and did sell and dispose of it for its face is sufficient proof of its value.

5. Broetje having paid Cressy and thus discharged his obligation, was entitled to possession of the note, and was therefore the owner within the averments of the indictment.

There are several other assignments of error discussed in defendant's brief, but they proceed on the mistaken theory that the same rules as to the indictment and proof prevail in prosecutions for larceny by

bailee and for embezzlement under the statute of this state, and therefore require no further consideration. A careful examination of this record has failed to disclose any error affecting a substantial right, and the judgment must therefore be affirmed.

AFFIRMED.