Decided March 21, 1898.

EX PARTE THOMPSON.

[40 L. R. A. 195; 52 Pac. 570.]

DISBARMENT OF ATTORNEY — RESIGNATION.—The resignation of an attorney without consent of the court is ineffectual to preclude his disbarment, when proceedings therefor were pending at the time of his resignation.

RESIGNATION OF ATTORNEYS.—While an attorney may voluntarily resign his office, as provided by section 1045 of Hill's Ann. Laws, such action does not remove his name from the rolls, unless the court approves such action, and he remains amenable to the orders of the court by which he was admitted for conduct prior to the resignation.

DISBARMENT FOR FELONY.*—If an attorney be convicted of a felony, the nature of which is calculated to injure his reputation for the performance of his duties, he should be removed.

Application by the grievance committee of the State Bar Association for the revocation of the license of C. C. Thompson.

ORDER OF DISBARMENT.

For the petition, there was an oral argument by *Mr. Stewart B. Linthicum.*

*Contra.* No appearance.

PER CURIAM. This is a proceeding to disbar an attorney, instituted upon the relation of the members of the grievance committee of the Oregon Bar Association. The information charges that C. C. Thompson, a licensed attorney, was indicted, tried and convicted of a felony, viz., the crime of larceny by bailee, and thereupon sentenced to imprisonment in the penitentiary, and prays that he may be required to answer the accusation, and upon proof thereof that he be disbarred from practicing his profession in this state. An order requiring the accused to answer the charges on or before a day therein stated was made by the court, and personally served upon him in Multnomah County by the sheriff thereof, who also delivered to him a copy of the information, but, instead of answering the latter, he filed in this court before the day so appointed a written resignation as an attorney.

* NOTE.—In 45 Am. St. Rep. 71, with the case of *In re Philbrook*, is a valuable monograph of some fifteen pages on the Grounds of Disbarment of Attorneys and Counselors at Law. See, also, a note entitled Summary Jurisdiction of Courts over Attorneys, with the decision in *Burns* v. *Allen.* 2 Am. St. Rep. 844. The subject is further discussed in 43 Cent. Law Jour. 401, and 46 Cent. Law Jour. 23.—REPORTER.

An attorney is permitted, at any time, to file in the office of the county clerk of the county in which he resides a written resignation, upon receiving which it is made the duty of such clerk immediately to forward a certified copy thereof to the clerk of this court, who shall file the same in his office. After filing such resignation, the attorney is not entitled to the rights nor subject to the disabilities or prohibitions incident to that relation, except that he is still subject to the power of the court in respect to matters arising while he was an attorney: Hill's Ann. Laws, §§ 1045, 1046. The courts of England, at the beginning of the nineteenth century, adopted a rule which provided that the name of an attorney would not be stricken from the rolls at his own request without an affidavit that he did not apply therefor under an apprehension that charges would be preferred against him: *Ex parte Owen*, 6 Ves. 11; *Ex parte Foley*, 8 Ves. 33. In New York it was held that, notwithstanding an attorney may have quit the practice of his profession, he was, nevertheless, amenable to the orders and process of the court as long as his name remained upon the roll of attorneys: *Scott* v. *Van Alstyne*, 9 Johns. 216.

Undoubtedly, section 1045, *supra*, was enacted in view of these rules, from which it would appear that, while an attorney may voluntarily resign his office, and thus relinquish the rights conferred by his admission to the bar, and escape the disabilities incident thereto, Thompson's resignation, not having been made with the consent or approval of this court, cannot have the effect of striking his name from the roll of attorneys, and, as long as his name remains thereon,

he must be subject to its summary jurisdiction, and
amenable to its orders and judgments, in so far as
they relate to acts committed by him prior to his
resignation.   The accused, having been convicted of a
felony while he sustained the relation of an attorney,
ought not to be permitted, by his voluntary act, to
have his name stricken from the roll of attorneys
while charges are pending against him.   He had
notice of the pendency of this proceeding, and was
thereby afforded an opportunity of being heard, but
failed to answer the accusation, thus tacitly confessing
the truth of the charges, which is apparent from an
inspection of the records of this court, to which our
attention is particularly called: *State* v. *Thompson*, 28
Or. 296 (42 Pac. 1002).

The statute authorizes the removal or suspension
of an attorney upon his being convicted of any felony
(Hill's Ann. Laws, § 1047), thus leaving the penalty,
to some extent, to the discretion of the court: *Ex parte
Mason*, 29 Or. 18 (54 Am. St. Rep. 772, 43 Pac. 651).
The citizen is frequently compelled to intrust the
management of some of his business to an attorney,
who, as agent of his principal, has authority to act for
and bind the latter; and, while the law clothes the
agent with this measure of power, it requires of him
the utmost good faith in the performance of the duty
intrusted to him in consequence of the position he
occupies as an officer of the courts.   If an attorney be
convicted of a felony, the nature of which is calculated
to injure his reputation for the performance of duty
which the law enjoins, the punishment should be re-
moval; for, if the court permits such an attorney to

escape with a light sentence, it tends to lessen the respect which the public should ever háve for the members of this learned profession.    The judgment of this court will, therefore, be that the name of C. C. Thompson be stricken from the roll of attorneys as a person unfit to belong to the profession; that he be disbarred from practicing in any of the courts of this state; and that the state recover of the accused the costs and expenses of this proceeding.

ORDER OF DISBARMENT.

Decided March 14; rehearing denied April 11, 1898.