### In re BURNHAM.

(Supreme Court, Special Term, New York County. March, 1908.)

1. ATTORNEY AND CLIENT—CONTRACT FOR SERVICES—RECEIPT OF MONEY—CONTRACT—EVIDENCE.

Evidence *held* to warrant a finding that an attorney received $200 from his client for services to be rendered, if necessary, in the Court of General Sessions, in case the client should be indicted, and to return the sum in case the services were not necessary, and that, recognizing such obligation, the attorney returned $125, and still retained $75 belonging to the client.

2. SAME—SUMMARY PROCEEDINGS—DISBARMENT.

Where defendant was an attorney at the time he received money belonging to his client, which he thereafter refused to pay over, he was subject to the summary process of the court to compel the repayment of such funds, though at the time the proceedings were instituted he had been disbarred.

Application by Edward M. Burnham for an order requiring Michael O'Sullivan to pay certain moneys received in his capacity as attorney and counselor at law. Application allowed.

Townsend & Keifer and Frederick K. Clark, for applicant.
Julius Hochfelder, for respondent.

HENDRICK, J. This is an application by Edward M. Burnham for an order requiring Michael O'Sullivan to pay over certain moneys received by him as the attorney and counselor at law of the applicant. It is alleged that on or about the 19th day of November, 1907, in the Second Magistrate's Court in the borough of Manhattan, the said Burnham was charged by one William J. Allingham with a criminal offense; that thereafter the respondent in this proceeding, Michael O'Sullivan, who was an attorney and counselor at law, and at that time duly admitted to practice in all courts of the state of New York (but against whom there has since been an order or judgment of the court disbarring him), was retained by said Burnham to conduct his defense. The attorney received from the petitioner, in pursuance of said retainer, the sum of $300, of which he was entitled to retain the sum of $100 for his services in the above-mentioned criminal proceeding in the Magistrate's Court. He agreed to return to Burnham, his client, the balance of said sum deposited with him, viz., $200, if no indictment and trial in the Court of General Sessions followed the proceedings in the Magistrate's Court. No indictment was found, and no trial was had in the Court of General Sessions. Of

said $200 he has returned $125, and there is still due to his client $75, for the return of which demand has been duly made.

In his answering affidavit the attorney alleges that at the time of his retainer to appear as attorney for Burnham it was agreed between them that he should be paid the sum of $300 for the services rendered in the Magistrate's Court and for services on the trial in the Court of General Sessions, should said Burnham be indicted by the grand jury and tried in said Court of General Sessions. The attorney, while alleging that it is not true that he was to return the sum of $200 for any reason whatever, states that he did, as a matter of fact, return the sum of $125; the reason given by him for such return being that it was not necessary for him to appear upon a trial in the General Sessions, as the grand jury failed to indict Burnham. I have no difficulty in determining that the $200 were paid to the attorney for services to be rendered, if necessary, in the trial in General Sessions, should one occur, and that he was to return said sum to his client in case his services were not necessary on such trial. Recognizing this obligation, he has returned $125, and he now has in his possession $75, which should be returned to his client.

The attorney in his affidavit further states:

"I also further beg to state to this court that I had not been disbarred from the practice as an attorney and counselor at law of this state before the proceedings of the said Burnham had terminated, and that I was disbarred on or about the 10th day of March, 1908. In view of the foregoing facts, and for the reason that I was at all times willing to perform my agreement with the said Burnham, and for the additional reason that at the present time I am no longer an officer of this court or a member of the bar of the state of New York, I respectfully submit to this court that it is not proper to bring me before this tribunal in a summary manner, and that such a proceeding would only be proper were the attorney still an attorney and counselor of law practicing his profession, and I therefore ask that the proceeding herein be dismissed; and if there are any rights, as claimed by the plaintiff herein, that the same be presented in the proper manner and according to law."

The respondent thus questions the right of the court to proceed against him in a summary manner as an attorney, because, since the commission of the act complained of, he has been disbarred and is no longer an officer of this court. The summary jurisdiction of the court is based upon the fact that attorneys are officers of the court. There is an inherent power, residing in the court, which will reach and punish offenses by attorneys arising from dishonest practices and from professional misconduct generally. The objection of the relator that he is no longer an officer of the court, and therefore that the summary jurisdiction of the court does not extend to him, is novel, and little authority can be found on the question raised. On principle, however, I believe that the jurisdiction of the court remains, after disbarment, over a person who has once been an officer of the court, in relation to any misconduct committed by such person during the time when he was such attorney. I do not think the respondent should be heard to urge his own wrongdoing, by reason of which he was removed from his honorable position as an attorney and counselor at law of this state, to shield himself from a wrong done a client while he was such attorney and counselor. To allow a disbarred attorney to

.plead his own misconduct in such a case is against public policy and might easily lead to gross frauds by dishonest lawyers. I think the proper rule to be that a lawyer is subject to the summary jurisdiction of the court in relation to all of his actions performed while a member of the bar, whether or not, at the time such summary jurisdiction is invoked to redress a wrong committed by him, he be an attorney or counselor in fact. If he was an attorney and counselor at law when the action complained of was done, even though he subsequently has been disbarred or has voluntarily caused his name to be stricken from the roll of attorneys and counselors, he is within the summary jurisdiction of the court in relation to such action.

The specific question raised has seldom been before the courts either in this country or in England, probably for the reason that it requires an exceptional audacity to advance the plea offered in this case. Weeks on Attorneys, § 77, states that:

"One who has once been an attorney remains liable to the summary jurisdiction of the court for his conduct whilst he was an attorney, although he may have taken his name off the roll and ceased to be one."

In support of this statement the author cites Scott v. Van Alstyne, 9 Johns. 216, and Cole v. McClellan, 4 Hill, 60. These cases fail to support the author's statement. The former was an action of assumpsit, commenced by bill against defendant as one of the attorneys of the court in the usual form. The defendant pleaded that at the time of the filing of the bill against him he was not one of the attorneys of the court, acting or practicing as such, but had for more than three years preceding the filing of the bill pursued the business of a farmer, and had not during all that time attended the court as an attorney or practiced as such, and was not bound by custom to answer to a bill filed against him as an attorney. On a general demurrer to the plea, it was held that an attorney, being defendant, cannot by plea waive or destroy his privilege, because the court says:

"The privilege is allowed him, not for his own sake, but for the sake of the court and the suitors in it."

In that case the attorney had simply ceased to practice in the court. His name still remained upon the roll, and he could have at any time returned to practice if he had so desired, and judgment was for the plaintiff. The latter case cited by the author (Cole v. McClellan) has no bearing upon the question raised.

The only case which, in the absence of briefs, I have been able to find bearing upon the question here involved, is that of Simes v. Gibbs, which was decided in the Queen's Bench in 1838. 1 W., W. & H. 40. That was an application against an attorney for misconduct in allowing a defendant to be sued contrary to an agreement entered into after an action had been concluded. It was objected, on the return of the rule calling on the plaintiff's attorney, Humphrey, to show cause why he should not deliver up to the defendant a promissory note, dated in August, 1831, that it did not appear that Humphrey was at the time an attorney of the court, "and that although it was stated that he had acted as the attorney in the original cause, yet it having been in the

year 1831, he might, consistently with that fact, have now ceased to be an attorney." The court said:

"I am of the opinion that, if a person is once an attorney on the roll, he cannot by any act whatever get rid of his liability to the summary jurisdiction of the court for anything that he may have done while he was on the roll for attorneys."

The motion for an order directing said Michael O'Sullivan to pay over to the applicant the sum of $75 received by him as an attorney and counselor at law is granted. Settle order on notice.