*In re* W. Marvin Clifton.

155 So. 324.
Division A.
Opinion Filed June 4, 1934.

*W. Marvin Clifton* and *Joseph S. White,* for Petitioner;

*Cary D. Landis,* Attorney General, *Marvin C. McIntosh,* Assistant, and *R. H. Chapman, contra.*

ELLIS, J.—W. Marvin Clifton, who was graduated from the School of Law at the University of Florida with the degree of Bachelor of Laws and on November 27, 1927, was admitted to the bar of this State and took the oath prescribed by law in such matters before Honorable C. E. Chillingworth, Judge, lodged in this Court his petition, on December 15, 1933, for an order permitting him to withdraw from the practice of law and resign as an attorney and surrender up for cancellation and revocation his certificate admitting him to practice law in all and singular the courts of Florida.

In January, 1934, the Attorney General and Honorable R. H. Chapman, chairman of the State Board of Law Examiners of the State, were by order of this Court required to show cause why the petition of Clifton should not be granted.

During the same month the Attorney General and Honorable R. H. Chapman filed their reply in which it was urged that the petitioner was not well founded in law; that the petitioner had given no notice to the State Attorney of petitioner's intention to resign; that the petition did not recite that petitioner had closed out his law practice and had no outstanding obligations or unfinished business as an attorney at law; that the petitioner did not recite in the

petition that he had no apprehension of any proceedings being brought for his disbarment or suspension as an attorney at law; that on the contrary the fact was that the petitioner had good cause to be and was then and there under apprehension and fear of proceedings for his disbarment as shown by copies of such proceedings which at the time of the respondent's reply were then pending in the Fifteenth Judicial Circuit against him and which were attached to the reply as part of it.

The copies of such proceedings showed an order by Judge Chillingworth of the Fifteenth Judicial Circuit directing the State Attorney of that circuit to make in writing a motion for the disbarment of the petitioner based upon information brought to the court that the petitioner as an attorney at law was charged by a certain person named with unlawfully withholding from her money which he had collected as her attorney for her and which the petitioner had misappropriated, embezzled and fraudulently converted to his own use. The copies of the proceedings showed the motion for disbarment and the answer of Clifton in which he specifically and generally denied the allegations contained in the motion and averred that while he had collected money for the person named as her attorney that she was indebted to him in a much larger sum than he had collected and that he had retained the amount collected in partial discharge and satisfaction of the obligation due.

A statement of the proceedings as averred in the reply of the respondents was made by Honorable C. E. Chillingworth and filed with the Clerk of this Court on January 13, 1934.

Oral argument of the matter was heard before this Court pursuant to an order made on request of the Attorney General.

Whether an attorney at law may resign his commission as an attorney and surrender his certificate of admission to practice the profession of law for cancellation in any circumstances; whether such right existing he may make application to the court for such an order without alleging that he has closed out his law practice, and has no outstanding obligations or unfinished business as an attorney, or that he knows of the existence of no proceedings or has no apprehension of proceedings being taken against him for his disbarment from the practice of his profession, are questions presented for determination by this Court.

The Attorney General contends that no proceeding is known to the law by which an attorney in any circumstances may obtain an order from the courts authorizing the surrender by an attorney at law of his certificate to practice law for cancellation and thus effect a resignation of such attorney at law as such.

If that proposition is true it will be unnecessary to determine the other questions, because if an attorney may not resign from the profession of the law practice in any circumstances it becomes immaterial whether in an application for such an order to the Court he should allege that he has no outstanding or unfinished business or that no proceedings exist against him for his disbarment or that he has no apprehension of such proceedings being taken aginst him.

If it is determined on the contrary that the affirmative of the proposition is sound and that such right exists it would seem that due to the high character and nature of the privilege extended by the State to one to practice law expressing, as it does, confidence in the honor, integrity and high moral character of the recipient as well as in his learning and capacity to advise the public as to rights and duties of individuals, consistency as well as good pleading

would require that the proffered return of the certificate should be made as free from defilement, taint or dishonor as when it was received in the hands of the petitioner from the State, and to that end allegation should be made that there are no outstanding matters to be disposed of by him, no unfinished business to be completed and no proceedings exist against him for his disbarment or that he has no reasonable apprehension of such proceedings being taken.

In no other way, under no other conditions, could the return of the certificates be accepted by the State and the petitioner discharged of all duties, obligations and responsibilities which the acceptance of the certificate by him originally cast upon him.

"The practice of law is not a business open to all, but a personal right, limited to a few persons of good moral character with special qualifications ascertained and certified after a long course of study, both general and professional, and a thorough examination by a state board appointed for the purpose. (Or, in this State, upon the production of a diploma issued by a University in this State.) The right to practice law is in the nature of a franchise from the State, conferred only for merit. It cannot be assigned or inherited, but must be earned by hard study and good conduct." See Re-Corporative Law Co., 198 N. Y. 479, 92 N. E. Rep. 15, 32 L. R. A. (N. S.) 55.

In that case Judge VANN said: "The degradation of the bar is an injury to the State."

Without any statutes on the subject of admission to practice a person cannot practice as an attorney without a license from the court and the license which the court grants by its judgment of admission to the bar may be revoked whenever misconduct renders the attorney holding such license unfit to be intrusted with the powers and duties

of his office. See Danforth v. Egan, 23 South Dakota 43, 119 N. W. Rep. 1021, 139 A. S. R. 1030, 20 Ann. Cas. 418.

In the absence of constitutional or statutory restrictions a court of general jurisdiction has authority to suspend an attorney from practice as such or to disbar or strike from the rolls an attorney of such court upon proper grounds because attorneys are officers of the court in which they are admitted to practice. The court by reason of the necessary and inherent power vested in it to control the conduct of its own affairs and to maintain its own dignity has a summary jurisdiction to deal with the alleged misconduct of an attorney. See 2 R. C. L. 1087.

The relation of attorney and client is that of master and servant in a limited and dignified sense and involves the highest personal trust and confidence. The attorney is bound to discharge his duties to his client with the strictest fidelity and he is answerable to the summary jurisdiction of the court for dereliction of duty. See Lynde v. Lynde, 64 N. J. Eq. 736, 52 Atl. Rep. 694, 58 L. R. A. 471.

The attorney does not hold an office or public trust in the constitutional or statutory sense of that term, but is an officer of the court exercising a privilege or franchise. In a sense he is an officer of the State with an obligation to the public no less significant than his obligation to his clients. It is an office held during good behavior and is one of which he can be divested only upon good cause shown and after proper judicial proceedings. See *Ex Parte* Garland, 4 Wall. (U. S.) 333, 18 L. Ed. 366; Boston Bar Assn. v. Casey, 211 Mass. 187, 97 N. E. Rep. 751, 39 L. R. A. (N. S.) 116; *Ex Parte* Faulkner, 1 W. Va. 269; 6 C. J. 568, and authorities cited.

Long prior to 1789 the courts of England had adopted a rule which provided that the name of an attorney would

not be stricken from the rolls at his own request without an affidavit that he did not apply therefor under an apprehension that charges would be made against him. See *Ex parte* Owen, 6 Vesey Jr. 11; *Ex parte* Foley, 8 Vesey Jr., 33.

In the State of Oregon, under a statute which authorizes an attorney to resign by filing in the office of the clerk of the court in which he resides a written resignation as an attorney, the court would not accept the resignation and permit him to avail himself of the privilege which the statute expressly gave when proceedings for the attorney's disbarment were pending against him. See Matter of Thompson, 32 Oreg. 499, 52 Pac. Rep. 570, 40 L. R. A. 194.

The relation of an attorney at law to the State and his duties to the court as an officer charged with the duty of aiding in the administration of justice and upon whom rests a responsibility very great and serious in its nature is so well understood and recognized and observed by the bar of this State that we deem it unnecessary to discuss that relation and show why a resignation by an attorney from those duties and obligations should not be permitted in cases where either some other person, as Lord Eldon said, had moved to strike his name from the roll, or where he apprehends that one may do so. So, therefore, before the court will strike an attorney's name from the roll it will require a showing that no proceedings are pending against him for his disbarment or an affidavit that he apprehends no such proceedings will be started. In that matter we will follow the English rule adopted in the beginning of the Eighteenth Century.

The petition is denied and dismissed.

DAVIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.