IN RE ELIAS F. HADDAD.

May Term, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and
SHERBURNE, JJ.

Opinion filed June 8, 1934.

324

*Lawrence C. Jones,* Attorney General, for the State.

*Lindley Squires* for the respondent.

MOULTON, J. This is a proceeding for the disbarment of the respondent, an attorney of this Court. After the filing of the presentment and the respondent's answer thereto a commission was appointed to hear the evidence and find the facts. The commission met, due notice having been given, and listened to the testimony. The respondent was represented by counsel and produced evidence in his own behalf. The commission thereafter filed a report, by which it appears that the respondent is guilty of several breaches of professional conduct, the details of which it is not necessary to state, but which consisted in the exaction of excessive and unconscionable fees and fraud upon his clients. No exceptions have been taken to the report, and the respondent has not appeared further to contest the case. After the hearing before the commission had been concluded, and two days before the filing of the report, the respondent filed a paper in which he states that he desires to, and by leave of court does, resign as an attorney and counsellor at law and solicitor in chancery, and requests that his resignation be accepted and that his name be erased from the roll of the attorneys of this Court.

Admission to the bar is regulated by rules made, adopted, and published by this Court, under statutory authority, P. L. 1351; Supreme Court rules, 22-26 inclusive. The nature of the office of an attorney at law, and the supervisory jurisdiction of the Court over it is thus stated in *In re Durant,* 80 Conn. 140, 67 Atl. 497, 500, 501, 10 Ann. Cas. 539: ''An attorney at law is an officer of court, exercising a privilege or franchise

to the enjoyment of which he has been admitted, not as a matter of right, but upon proof of fitness * * * For the manner in which this privilege or franchise is exercised he is continually accountable to the court, and it may at any time be declared forfeited for such conduct, whether professional or nonprofessional, as shows him to be an unfit or unsafe person to manage the business of others in the capacity of an attorney * * * The power to declare this forfeiture is a summary one inherent in the courts, and exists, not to mete out punishment to an offender, but that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession * * * The action of the court in the exercise of this power is judicial in its character, but the inquiry made is 'in the nature of an investigation by the court into the conduct of one of its own officers, not the trial of an action or suit,' and the order entered is but an exercise of the disciplinary jurisdiction which it has over such officers * * * The real question for determination in such proceedings is whether or not the attorney 'is a fit person to be longer allowed the privileges of being an attorney.' '' See, also, *State* v. *Cannon*, 206 Wis. 374, 240 N. W. 441; *Ex parte Robinson*, 19 Wall. (86 U. S.) 505, 22 L. ed. 205, 208.

██ The privilege of practicing law is not a vested or a constitutional right. *In re Cloud* (Iowa), 250 N. W. 160, 163. It is a privilege burdened with the condition that the possessor of it remains a fit and safe person to exercise it. *State* v. *Peck*, 88 Conn. 447, 91 Atl. 274, 275, L. R. A. 1915A, 663 Ann. Cas. 1917B, 227; *People ex rel. Karlin* v. *Culkin*, 248 N. Y. 465, 162 N. E. 487, 60 A. L. R. 851, 855. Proceedings for disbarment do not come within the due process clause, or the provisions for a trial by jury of the federal Constitution, *Ex parte Wall*, 107 U. S. 265, 288, 289, 27 L. ed. 552, 561, 562, 2 Sup. Ct. 569; *In re Cloud, supra.*

██ The Court's inherent power of discipline is not derived from the Constitution, or, necessarily, from the statutes of the State. *State* v. *Cannon*, 196 Wis. 534, 221 N. W. 603, 604; *Wernimont* v. *State ex rel. Little Rock Bar Ass'n*, 101 Ark. 210, 218, 142 S. W. 194 Ann. Cas. 1913D, 1156; *Bar Ass'n of City of Boston* v. *Greenwood*, 168 Mass. 169, 182, 183, 46

N. E. 568; *In re Edwards,* 45 Idaho, 676, 266 Pac. 665, 670. It has existed from time immemorial. *State* v. *Woodville,* 161 La. 125, 108 So. 309, 311. The power is not arbitrary, of course. In administering it a sound judicial discretion should be exercised with moderation and caution, and legal rules and principles followed in determining the guilt of the person charged. *People* v. *McCallum,* 341 Ill. 578, 173 N. E. 827, 832; *State* v. *Ledbetter,* 127 Okla. 85, 260 Pac. 454, 462; *In re Burr,* 9 Wheat, 529, 530, 6 L. ed. 152. "It is a power which should only be exercised for the most weighty reasons, such as would render the continuance of the attorney in practice incompatible with a proper respect for the court itself, or a proper regard for the integrity of the profession." *Bradley* v. *Fisher,* 13 Wall. (80 U. S.) 335, 354, 20 L. ed. 646, 651. In order to justify disbarment, the case must be clear and free from doubt. *People* v. *Gorindar,* 350 Ill. 256, 182 N. E. 732, 733; *In re Young,* 77 Mont. 332, 250 Pac. 957, 962. As a matter of natural justice, the accused attorney should receive notice of the charges and an opportunity to be heard in explanation or defense. *Ex parte Robinson,* 19 Wall. (86 U. S.) 505, 22 L. ed. 205, 208; *Bradley* v. *Fisher, supra,* 13 Wall. 335, 20 L. ed. page 652.

■ An attorney may, with the consent of the Court, resign his office and relinquish its rights and privileges, but such consent will not be given where charges have been preferred and are pending against him. *Ex parte Thompson,* 32 Or. 499, 52 Pac. 570, 40 L. R. A. 194. "If a man be once an attorney, he cannot get rid of the summary jurisdiction of this Court with respect to what he has done while an attorney by ceasing to be an officer of the Court. The rule is, once an attorney, always an attorney for that purpose." *Simes* v. *Gibbs,* 6 Dowl. (Q. B. Prac. Ct.), 310. See, also, *In re Dellenbaugh,* 9 Ohio Cir. Ct. 325, 327.

■ In the instant case the respondent has been accorded a fair trial, and his conduct has been made the subject of an impartial and painstaking investigation. He has been afforded an ample opportunity to present his explanation and defense, and he has fully availed himself of it. He finds no fault with the report of the commission, nor does he question the fact that the conduct proved against him justifies his disbarment. It is our duty to withdraw the rights and privileges

which were conferred by admitting him to the bar of the courts of this State. *In re Enright,* 67 Vt. 351, 355, 31 Atl. 786.

*Judgment that the attempted resignation of Elias F. Haddad is rejected, and that he is removed from the office of attorney and counsellor at law and solicitor in chancery.*