BEAMER, ATTORNEY GENERAL *v.* WADDELL.

[No. 27,728.   Filed March 29, 1943.]

[For opinion on motion to set aside return, see *ante*, p. 232.]

*George N. Beamer,* Attorney General, *Glen L. Steck-*

ley and *Walter O. Lewis,* Deputy Attorneys General, for the State.

*Edward C. Eikman,* of Indianapolis, for defendant.

*Howard S. Young,* of Indianapolis, *Charles A. Love,* of Lawrenceburg, and *Carl M. Gray,* of Petersburg, *amicus curiae.*

SHAKE, J.—This proceeding was instituted by the Attorney General of Indiana by leave of court. The information charges that the defendant, a member of the Bar of this State: (1) Counseled and maintained in the courts unlawful and unjust actions and proceedings; (2) solicited employment as an attorney for the purpose of instituting and prosecuting such actions; and (3) failed to account for and pay over moneys belonging to his clients which he collected for them in the capacity of an attorney at law.

The bill of particulars set out in said information charges the defendant with a course of reprehensible conduct extending over several years. It is alleged that he went about the state searching the records in the offices of the clerks of the various courts for unclaimed or undisbursed moneys on deposit therein. With this information, he sought out persons entitled to these funds and by various false representations prevailed upon them to give him powers of attorney, authorizing him to collect the same on their behalf. In other instances, he collected such funds by procuring himself to be appointed guardian or administrator of the estates of such persons. Nine such transactions are disclosed in which the defendant collected funds which he appropriated to his own use and for which he made no accounting. Among the victims were four (4) insane persons confined in state institutions, the estate of a

Civil War veteran who died in the soldiers' home, an aged woman, an invalid, and a minor.

Upon the filing of the information we ordered notice to the defendant. He appeared specially by counsel and challenged the jurisdiction of this court. That issue was decided against him on January 23, 1943. At the same time we ordered the defendant to answer within fifteen (15) days. *Beamer, Attorney General* v. *Waddell* (1943), *ante* p. 232, 45 N. E. (2d) 1020. Subsequently, on the defendant's petition, stating that his answer would be upon the merits, the time was extended until February 25, 1943. On that date he again appeared specially and, without answering, asked for a reconsideration of the ruling made on January 23. A rehearing was denied and the defendant has since failed to answer. On March 23, 1943, he tendered, through his counsel, his "resignation to practice law in the State of Indiana, the same to take effect immediately."

The defendant has been in default of an order to answer, extended on his own application, since February 25. Such default is an admission of the material allegations of the information, no elements of value or damages being involved. §§ 2-1055 and 2-1102, Burns' 1933, §§ 160, 178, Baldwin's 1934. The consequences of the default attached before the resignation was filed. That the facts warrant disbarment is not debatable. § 4-3608, Burns' 1933 (Supp.), § 830, Baldwin's 1937 Supp.

The defendant is disbarred, and his name is ordered stricken from the roll of attorneys of this State.

NOTE.—Reported in 47 N. E. (2d) 608.