## IN RE LUCAS.

[No. 28,762. Filed January 17, 1952.]

Charles C. Baker, of Indianapolis, Frank Hamilton, of Greensburg, Theodore Lockyear, of Evansville, Robert H. Moore, of Gary, James R. Newkirk, of Fort Wayne, and James P. Gleason, of Michigan City, for the Disciplinary Commission.

Blaz A. Lucas, pro se; M. D. Tomsich and Robert A. Lucas, both of Gary, for respondent.

BOBBITT, J.—This proceeding was commenced on March 21, 1951, by the filing of an information in revocation of admission to practice law as attorney by the Disciplinary Commission appointed by this court under Rule 3-21 of the Supreme Court of Indiana, 1949 Revision. An amended information was filed by said commission on May 28, 1951, to which defendant filed his answer on June 15, 1951 in which he denied all of the allegations in the amended information except those pertaining to the appointment of the commission, and that he was a practicing attorney under license by this court.

After the filing of said response the Hon. Robert B. Stewart, Judge of the Clay Circuit Court, was appointed as commissioner to hear evidence and report his finding of facts thereon. After due notice, a hearing was held on August 13, 1951 in the Circuit Court Room at Crown Point, Indiana, at which defendant appeared in person and by attorneys. Members of the Disciplinary Commission appeared in person. Defendant filed, in succession, a motion for change of venue from the commissioner, a request for trial by jury, a motion to dismiss, and a motion for a con-

tinuance, all of which were overruled by the commissioner, and defendant and his attorneys then refused to participate further in the hearing. Evidence was then heard in defendant's absence and, on September 21, 1951, the commissioner filed his report and finding of facts sustaining the charges made in the amended information and recommending that defendant be disbarred.

On December 26, 1951, defendant filed his resignation with the clerk of this court which, omitting formal parts, is as follows:

"I hereby resign as an attorney-at-law and as a member of the Bar of the State of Indiana, effective this date.

"Dated this 21st day of December, 1951."

The resignation came too late to stay this proceeding.

The recommendation of the commissioner is sustained by sufficient evidence, the competency of which has not been challenged. See *Beamer, Attorney General* v. *Waddell* (1943), 221 Ind. 279, 47 N. E. 2d 608; *In re King* (1940), 165 Ore. 103, 105 P. 2d 870; *In re Haddad* (1943), 106 Vt. 322, 173 Atl. 103; *In re W. Marvin Clifton* (1934), 115 Fla. 168, 155 So. 324; *Ex parte Thompson* (1898), 32 Ore. 499, 52 Pac. 570, 40 L. R. A. 194.

The defendant is disbarred and the clerk of this court is hereby ordered to strike the name of defendant from the roll of attorneys in this State.

Draper, J., not participating.

NOTE.—Reported in 102 N. E. 2d 909.