In the Matter of Narcowich.

[No. 28,898. Filed July 1, 1953.]

*Charles E. Daugherty* and *Fagan & Daugherty,* of Gary, for defendant.

*Charles C. Baker,* of Indianapolis, *Theodore Lockyear,* of Evansville, *James R. Newkirk,* of Fort Wayne, and *Robert H. Moore,* of Gary, as members of the Disciplinary Commission of Supreme Court.

Emmert, J.—The charges against the defendant Narcowich grew out of the same facts involved in *In re Filipiak* (June 16, 1953), 232 Ind. 414, 113 N. E. 2d 282, and it is not necessary to restate them in this opinion. At the hearing it was stipulated that the admissible evidence in the Filipiak case "be adopted and constitute evidence in the action against the defendant Bryan S. Narcowich." The Honorable Dan Pyle, Judge of the St. Joseph Circuit Court, was appointed our Commissioner to hear both cases and to make his findings pursuant to Rule 3-24.

The Disciplinary Commission filed certain exceptions to the findings by the hearing Commissioner, but it is not material in this opinion to set them out or to rule upon them.

Our Commissioner in substance found that the defendant Narcowich was not guilty of any perjury, conspiracy or fraud.[1] The Disciplinary Commission has not filed any brief in opposition to our Commissioner's findings or in opposition to the brief in behalf of the defendant. We agree that the irregularities in which the defendant participated were the result of ignorance of the law and a careless manner in conducting the practice of law. While we do not condone such methods of procedure, we believe our Commissioner correctly found the facts and that no cause is shown for any disciplinary measures being enforced against the defendant.

Judgment for the defendant Narcowich.

Draper, J., not participating.

Gilkison, J., dissents with opinion.

### DISSENTING OPINION

GILKISON, J.—I am in dissent with the opinion, based upon the same reasons as my dissent in the case of *In.*

---

1. The material parts of the Commissioner's finding are as follows:

"XII. Your Commissioner further finds that any apparent act of misconduct or deception or fraud was not intentionally, wilfully or purposely done but were the acts of an attorney, not fully equipped in his office and careless in his method of practice and procedure and not well versed in the technicalities of legal practice, presenting of evidence and conducting of trials. It further appears from the evidence he was not well versed in preparing a motion for a new trial in full detail and all its legal requirements.

"XIII. Your Commissioner further finds that if there are any conflicts in the testimony given in the trial of Blaz A. Lucas on August 11, 1951, and his evidence at this hearing, said errors and omissions were caused by lack of memory, confusion, and not referring to his records prior to taking the witness stand and giving evidence.

"XIV. Your Commissioner further finds there is no preponderance of evidence that a conspiracy was formed, acted upon or carried out by the defendant, Bryan S. Narcowich, to release Joseph Kaczka from the Indiana State Farm and new trial be granted; that the sentence be suspended and he be awarded probation."

*Re Filipiak,* (June 15, 1953) 232 Ind. 414, 113 N. E. 2d 282.

If it be true that "Our Commissioner in substance found that the accused Narcowich was not guilty of any perjury, conspiracy or fraud" as stated in the opinion, such finding is contrary to the admitted facts and it should be set aside. Our opinion should be based upon facts—not upon untruths. It is a display of weakness to take refuge behind the commissioner's errors.

I am wholly unable to follow the opinion that the unlawful things accomplished were a result of "stupidity," "ignorance of the law and a careless manner" of conducting its practice by the accused. Such stupidity, ignorance and carelessness, in the natural and logical course of events, would necessarily result in loss to those indulging them; but not so in this instance. On the contrary it brought in great profit to the accused. The accused have displayed neither stupidity, ignorance nor carelessness. They have been criminally smart and have reaped a substantial reward for their smartness. The accused are college graduates, and each has been admitted to practice in our courts after having shown sufficient intelligence, preparation and learning to entitle him to such admission. We must look elsewhere to find the "stupidity, ignorance and carelessness" noted in the opinion.

Unsurmountable difficulty will be experienced in any effort to rationalize this and the Filipiak opinion with the opinion in *In Re Lucas* (1951), 230 Ind. 254, 102 N. E. 2d 909. One man conspiracies just do not exist. Where three persons unite in the performance of an illegal act, it is impossible to imagine how one of them could be guilty and the others not. To me such a situation constitutes a sort of legal *impasse,* to which I respectfully call attention.

By this and the Filipiak opinions I think the esteem of the courts, the dignity of the bar and the majesty of the law have suffered humiliating defeats.

NOTE.—Reported in 113 N. E. 2d 294.