SEBRING, Justice.
The relator has filed a suggestion for a writ of prohibition to prohibit The Honorable Vincent C. Giblin, as Judge of the Circuit Court for Dade County, Florida, from taking jurisdiction of a proceeding to disbar the relator from the practice of law. The sole question for determination is whether or not Article XI of the Integration Rule of the Florida Bar, 1950, as amended, is the sole and exclusive method for disciplining or disbarring an attorney member of the Florida Bar.
In the absence of some clear constitutional or statutory restriction a court of general jurisdiction has a summary jurisdiction to deal with the alleged misconduct of an attorney, by reason of the necessary and inherent power vested in it to control the conduct of its own affairs and to maintain its essential dignity. In re Clifton, 115 Fla. 168, 155 So. 324. This is a *852 power that must necessarily exist “to enable the court to preserve its dignity and integrity and prevent the exercise of the privilege of practicing by one whose'" character and course of dealing renders him unfit to be intrusted with the privilege and to associate vyith the honorable and worthy members of the profession and to participate in the administration of justice. The power may he exercised if only upon the ground that a court of general jurisdiction may purge itself from a fraud committed upon the court by an officer thereof. The power is inherent in the court to remove any practitioner whose conduct tends to impede, obstruct, or prevent the administration of law or destroy the confidence of the people in such administration.” Gould v. State, 99 Fla. 662, 127 So. 309, 311, 69 A.L.R. 699.
Although a proceeding to discipline attorneys is strictly a judicial function of which a court of general jurisdicton cannot be divested by the legislature, it .has long been recognized in this state that the legislature does have power to enact procedural statutes regulating such matters. Gould v. State, supra; Petition of Florida State Bar Association, 134 Fla. 851, 186 So. 280.
There is nothing in the Integration Rule of the Florida Bar to support a suggestion that the Rule was intended to abrogate, nullify or repeal disciplinary procedures existing at the time of its adoption. And while the many advantages afforded by Article XI of the Rule might seem to indicate the wisdom of the use of the Rule in most situations, it was never the intention of this Court that the Rule should entirely supplant existing remedies or procedures for disciplining attorneys but only that it should be considered as providing additional and supplementary procedure.
We hold; therefore, that under the decisions of this Court the respondent Circuit Judge has the power and jurisdiction, either in the exercise of inherent power possessed by courts of general jurisdiction or under statutory provisions enacted by the. legislature, to entertain proceedings to discipline the relator. From this conclusion it follows that the issuance of a writ of prohibition should be denied and the cause dismissed at the cost of the relator.
It is so ordered.
ROBERTS, C. J., and TERRELL and DREW, JJ., concur.