HOBSON, Justice.
The instant cases, herein consolidated,, involve two separate proceedings to wit: The judgment of the Board of Governors of the Florida Bar disbarring Paul L. Englander from the practice of law in Florida, and Paul L. Englander’s voluntary petition to withdraw from the practice of law in Florida.
On August 27, 1959, the respondent, a member of the Florida Bar, was charged with professional misconduct by virtue of his violation of Section II, paragraphs 27, 28 and 30 of the Rules Governing the Conduct of Attorneys in Florida, 31 F.S.A. Specifically the complaint charged that the respondent during the month of September 1957 obtained the sum of $5,000 under false pretenses and by fraudulent acts through the uttering of forged instruments. The respondent was further charged with having, during the month of January 1958, appropriated to his own purposes the sum of $20,000 under false pretenses, by false acts, through the utterance of forged instruments and by the forged endorsement of signatures of payees of certain checks.
Prior to the formal hearing of the aforementioned complaint, the respondent Paul L. Englander, on September 30, 1959, filed with this court his voluntary petition to withdraw from the practice of law. The Florida Bar was given until December 15, 1959, to answer this petition.
On December 7, 1959 the Referee in the disciplinary proceedings referred to above found the respondent guilty of both charg *626 es of professional misconduct. The Referee also pointed out that the respondent had been convicted in the Criminal Court of Record of Dade County, Florida, on a charge of making and forging a promissory note. It was the Referee’s recommendation that Paul L. Englander, be permanently disbarred from the practice of law in the State of Florida.
On December 15 the Board of Governors of The Florida Bar filed its objections to the acceptance of Paul L. Englander’s petition to withdraw from the practice of law and on January 26, 1960 the Board approved the Referee’s findings and recommendations and ordered the respondent disbarred from the practice of law in Florida. Said judgment is now lodged in this court for review.
In view of the fact that it was lodged with this court prior to the Judgment of Disbarment, we first direct our attention to Mr. Englander’s petition to withdraw from the practice of law. As a general rule an attorney at law, duly admitted to practice in this state, may resign, surrendering his franchise to engage in the practice of the profession. Plowever, the acceptance or rejection of such resignation or the terms and conditions that may be imposed upon its acceptance rests within the sound judicial discretion of this court.[1]
In the case of the Application of Harper[2], Mr. Justice Drew, speaking for the court, reviewed the authorities on this question, pointing out that under the old English rule, which had been adopted by the Florida Supreme Court in the Clifton case, supra, before a court could strike an attorney’s name from the roll a showing that no proceedings were pending against him for his disbarment was required, or an affidavit that he apprehends no such proceedings would be started.
The Harper case involved a petition for resignation wherein the Board of Governors, although finding there were reasonable grounds to believe the petitioner guilty of professional misconduct, nonetheless recommended, that this court accept Harper’s petition to withdraw from the practice of law. Our approval of said petition in effect modified the English rule by holding that, under certain circumstances such as those presented in the Harper case, an attorney might resign without making the aforementioned showing. We said:
"Before accepting such a resignation, it should be made to appear in a proper and competent manner not only that the public interest will not be adversely affected by such acceptance but also that the acceptance thereof will not adversely affect the purity of the courts nor hinder the administration of justice.” [3]
Although it is unnecessary to herein detail the circumstances surrounding the acceptance of Mr. Harper’s resignation, suffice it to say that the professional misconduct therein presented falls far short of the flagrant misconduct involved in the instant case. Thus, when we compare the two petitions we discover distinguishable differences which justify the dissimilar actions of the Board of Governors. We are satisfied that acceptance of Paul L. Englander’s resignation would in fact adversely affect the purity of the courts. For this reason the petition to withdraw from the practice of law is hereby denied.
With reference to the judgment of the Board of Governors dated January 26, 1960, disbarring the respondent from the practice of law in Florida the record discloses that a certified copy of said judgment was sent by the Clerk of this court to the respondent, via his counsel for purposes of service of process on January 27, 1960, together with a letter advising him of his right to file a petition for review of such judgment within thirty days. *627 More than thirty days have now elapsed and the respondent has failed to request a review thereof.
Nevertheless this court has reviewed the same and it is thereupon
Ordered that the judgment of the Board of Governors of The Florida Bar, dated January 26, 1960, disbarring Paul L. Eng-lander from the practice of law in Florida is hereby approved and adopted as the judgment of this court
It is so ordered.
THOMAS, C. J., and TERRELL, ROBERTS and DREW, JJ., concur.

. In re Clifton, 1984, 115 Fla. 168, 155 So. 324. See also Application of Harper, infra.

. Fla.1956, 84 So.2d 700, 54 A.L.R.2d 1272.

. Fla.1956, 84 So.2d 700, 704, 707.